**Ralph D. GORDON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26412.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Willard B. Bunch, Public Defender, Gerald M. Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM:

Defendant appeals from a denial of relief upon motion under Rule 27.26, V.A.M. R. The sole issue here is defendant's claim that he is entitled to an allowance for time while he was under "parole" as credit against his original sentence of imprisonment.

Defendant pleaded guilty on February 21, 1970, to a charge of burglary second degree. For some reason, not accounted for in the record, his sentencing did not occur until the following December. On December 21, 1970, the circuit court did enter its judgment and order sentencing defendant to imprisonment of four years,

but providing further that "defendant be paroled for a period of Three (3) years to the Missouri State Board of Probation and Parole."

Defendant remained free on this "parole" from December 21, 1970 until June 15, 1971. On the latter date he was arrested on a charge of another crime. A hearing was held on revocation of the parole which had been granted in December, 1970, and an order of revocation was entered by the circuit court on November 28, 1971.

Thereafter, on February 18, 1972, defendant filed his motion under Rule 27.26, and a hearing thereon was held before the sentencing judge on April 26, 1972. Under examination by his court-appointed counsel, defendant stated expressly that his sole complaint was that he was entitled to credit against his sentence for the time spent by him on "parole" between December, 1970 and November, 1971.

In ruling upon that contention, the trial court discussed at some length the distinction between a "parole" and "probation", and in that connection the court stated that the court order of December 21, 1970 should have read that defendant was being granted "probation" instead of "parole". This comment by the trial judge was correct as an academic matter.[1]

However, it is immaterial whether what was granted to the defendant in December, 1970 was a "parole" or "probation". Whichever it was, the consequences for present purposes are exactly the same. § 549.101, subd. 1 provides that upon revocation of probation or parole, "[t]he court *in it discretion* may order the allowance in mitigation of the sentence credit for all or for part of the time the defendant was

upon *probation or parole*". (emphasis added)

This provision, with respect to the revocation of judicial paroles, is in sharp contrast to the parallel provision under § 549.275 governing the effect of the revocation of paroles granted by the State Board of Probation and Parole. The latter section provides that upon revocation of parole, "[t]he period served on parole shall be deemed service of the term of imprisonment * * *". Thus, in the case of a judicial parole (or probation) the credit against the term of imprisonment is discretionary with the court; whereas, in the case of an administrative parole the credit against the sentence is mandatory.

So, regardless of the nature of what the trial court granted as being a parole or probation, the question of whether defendant was to be given credit for the time that he was under sentence but free from institutionalization, was discretionary with the trial court. Since the trial court did not order such an allowance to be made at the time of revocation, the absence of that action constituted an exercise of discretion against granting the credit. It is to be noted that defendant made no claim at the hearing in the court below, nor does his counsel make any claim on this appeal, that there was any abuse of discretion by the trial court in failing to give such credit.

Even if a claim of abuse of discretion had been made and preserved, that claim would be without merit. The trial court at the 27.26 hearing spelled out satisfactorily on the record that the reason that no time credit had been given upon revocation of the "parole" was because of defendant's breach of parole (or probation)

1. Under § 549.071(2) (all statutory references being to RSMo 1969), a court may grant "parole" only in cases where a defendant is fined *or sentenced to a county jail.* Furthermore, the definition of the term "parole" in § 549.058(2) relates to the release of a "prisoner," which necessarily contemplates one who has already been committed to a prison. On the other hand, § 549.058(3) defines "probation" as a "procedure under which a defendant found guilty of a crime * * * is released by the court without imprisonment * * *".

by committing another crime during the probationary period. This also disposes of any possible contention that the trial court refused to give credit in question because of an assumed lack of power to do so; it adequately appears that the trial court denied the credit in the exercise of the discretion legally his.

The trial court's judgment is not clearly erroneous and is therefore affirmed.