In re Ted A. GREEN.

Ted A. GREEN, Petitioner,

v.

John T. PIERPONT, Sheriff of Greene County, Missouri, Respondent.

No. 13377.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 15, 1983.

Ty Gaither, Springfield, for petitioner.

Darrell L. Moore, Asst. Pros. Atty., Greene County, Springfield, for respondent.

CROW, Judge.

This original proceeding in habeas corpus requires us to decide whether a prisoner granted parole by a circuit court after serving part of a jail sentence is entitled to credit against the sentence for the time spent on parole if the court thereafter revokes the parole.

In 1981, petitioner was convicted of burglary in the second degree, § 569.170, RSMo 1978, and sentenced to one year's imprisonment in the county jail. He served 137 days; then, in January, 1982, the circuit court placed him on parole for two years. Sixteen months later, the court revoked the parole and returned petitioner to jail. Thirty days thereafter, petitioner was released anew on parole. One week later, the court again revoked parole, and committed petitioner to jail to serve the remainder of his sentence. The court denied petitioner credit against his sentence for any of the time he was on parole.

Petitioner thereupon filed his petition for writ of habeas corpus with us, arguing that he is entitled to credit against his sentence for all of the time he spent on parole, and, given that credit, he has served his sentence and must be released.

We issued an order to respondent, the official in whose custody petitioner is held, § 221.020, RSMo 1978, to show cause why the writ should not be granted. Rule 91.-05.[1] Respondent filed his answer at the time designated, and the cause was thereafter argued and submitted.

At the time of petitioner's 1982 parole, the statute authorizing circuit courts to grant parole—and probation—was § 549.-061, RSMo 1978. At that time, parole was defined by § 549.058(2), RSMo 1978, as "the release of a prisoner to the community by the court ... prior to the expiration of his term, subject to conditions imposed by the court ... and to its supervision." Parole, by definition, was thus limited to persons in confinement serving a sentence previously imposed. Parole therefore differed from probation, in that probation was defined as a procedure under which a defendant found guilty of a crime upon verdict or plea was released by the court without imprisonment, subject to conditions imposed by the court and subject to the supervision of a probation service. § 549.058(3), RSMo 1978. The distinction between parole and probation was noted in *Gordon v. State,* 501 S.W.2d 489, 490 n. 1 (Mo.App.1973).

Section 549.058, RSMo 1978, defining parole and probation, was repealed effective August 13, 1982, by Laws 1982, p. 438. Parole and probation are presently defined by § 217.650, RSMo Cum.Supp.1982, which became effective August 13, 1982, the same day § 549.058 was repealed. Their definitions are essentially unchanged. Section 549.061, RSMo 1978, authorizing circuit courts to grant parole and probation, was similarly repealed effective August 13, 1982, by Laws 1982, p. 438. The power of circuit courts to grant parole and probation is now codified as § 217.765.1, RSMo Cum. Supp.1982, which became effective the same day, August 13, 1982.

Prior to January 1, 1979, revocation of parole and probation by the courts was covered by § 549.101, RSMo 1969. Under paragraph 1 of that section, a court that revoked parole or probation was granted discretion to allow credit, in mitigation of the sentence, for all or part of the time the defendant was on parole or probation. *Gordon,* 501 S.W.2d at 490.

Section 549.101, RSMo 1969, was repealed effective January 1, 1979, by Laws 1977, p. 658. On January 1, 1979, § 559.036, RSMo 1978, took effect. This section, which deals only with probation, authorizes the courts, upon revocation of probation, to mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation. § 559.036.3, RSMo 1978. Since January 1, 1979, there has been no similar statute dealing with parole. Section 217.765.2, RSMo Cum.Supp.1982, which took effect August

1. Rule references are to Missouri Rules of Civil    Procedure (14th ed. 1983).

13, 1982, authorizes circuit courts to revoke parole—and probation—but is silent as to the allowance of credit against a sentence for time spent on parole or probation.

Thus, when petitioner's first and second paroles were revoked this year (1983), there was no statute authorizing the court to allow credit against petitioner's sentence for the time he spent on parole. Had petitioner been on probation, instead of parole, § 559.036.3, RSMo 1978, would have authorized the court, in its discretion, to reduce the jail term by allowing credit for all or part of the time petitioner was on probation.

Having sketched this background, we next observe that at the time petitioner was granted parole in 1982, there was another series of statutes dealing with parole (but not probation): §§ 549.261–.275, RSMo 1978. Those statutes authorized the Missouri Board of Probation and Parole ("the Board") to parole any person confined in any correctional institution administered by state authorities, § 549.261.1, RSMo 1978, and established the procedure for revoking Board paroles, § 549.265, RSMo 1978. Among the statutes in that series was a provision that, subject to one exception not material here, time served on parole shall be counted as time served under the sentence. § 549.265.3, RSMo 1978. Under another provision, § 549.275.1, RSMo 1978, the period served on parole was to be deemed service of the term of imprisonment and, subject to an exception not material here, the total time served could not exceed the maximum term or sentence.

That series of statutes, which originated as Laws 1957, pp. 385–387, applied only to paroles granted by the Board, not to judicial paroles. *State v. Hicks,* 376 S.W.2d 160, 163 (Mo.1964). *Hicks,* noting the distinction between probation and parole, and also the distinction between judicial paroles

and Board paroles, held that § 549.275, RSMo 1959 (the precursor of § 549.275, RSMo 1978), did not apply to a sentence ordered executed by a circuit court after revoking a defendant's probation. Accordingly, the defendant there was entitled to no credit against his sentence for the time he was on probation.

It is thus evident that long before petitioner was granted his 1982 parole, a dual system of granting and revoking paroles existed in Missouri. One set of statutes governed judicial paroles and another set governed Board paroles. Both statutory schemes still exist. Judicial paroles are currently authorized by § 217.765.1, RSMo Cum.Supp.1982, and Board paroles are authorized by § 217.690.1, RSMo Cum.Supp. 1982. The Board's authority to revoke the paroles it grants currently appears in § 217.720, RSMo Cum.Supp.1982, and the courts' authority to revoke the paroles they grant currently appears in § 217.765.2, RSMo Cum.Supp.1982. This history, though prolix, is essential in evaluating petitioner's argument.

■ Petitioner's contention that he is entitled to credit against his sentence for the time he spent on parole is based on two statutes: §§ 217.720.3 [2] and 217.730.1,[3] RSMo Cum.Supp.1982. These statutes formerly appeared as §§ 549.265.3 and 549.275.1, RSMo 1978, respectively, and were located in the series of statutes pertaining to Board paroles. The two statutes were relocated in chapter 217 in 1982 by H.B. 1196, Laws 1982, pp. 435–475. As observed earlier, however, they originated in S.B. 132, Laws 1957, pp. 380–388. Therefore, contrary to petitioner's assertion, nothing new was introduced into Missouri law in 1982 when the two statutes were renumbered and relocated. They had existed as part of the dual parole system for 25 years. They are currently found in the series of

---

**2.** § 217.720.3, RSMo Cum.Supp.1982, provides, in pertinent part, and subject to an exception not material here: "In all other cases, time served on parole or conditional release shall be counted as time served under the sentence."

**3.** § 217.730.1, RSMo Cum.Supp.1982, provides: "The period served on parole shall be deemed service of the term of imprisonment and, subject to the provisions of section 217.720 relating to a prisoner who is or has been a fugitive from justice, the total time served may not exceed the maximum term of sentence."

statutes dealing with Board paroles (§§ 217.690–.730, RSMo Cum.Supp.1982). That series is followed by a series of statutes dealing with judicial parole and probation (§§ 217.750–.780, RSMo Cum.Supp. 1982). A heading, "CIRCUIT COURTS, PROBATION AND PAROLE," immediately precedes the latter series, separating it from the series dealing with Board paroles. This arrangement implies that §§ 217.720.3 and 217.730.1, RSMo Cum.Supp.1982—the statutes relied on by petitioner—apply only to Board paroles, not judicial paroles. The present arrangement is consistent with the earlier one, in which, as previously mentioned, the two statutes were likewise located in the series of statutes dealing with Board paroles (§§ 549.261–.275, RSMo 1978), apart from the statutes dealing with judicial paroles (§§ 549.061–.197, RSMo 1978).

Additionally, neither of the statutes on which petitioner relies has been held applicable to judicial paroles. Indeed, § 217.730.1, RSMo Cum.Supp.1982, when it appeared as § 549.275.1, RSMo 1959, was, as noted earlier, held not to apply to probation (which, of course, can only be granted by a court). *Hicks,* 376 S.W.2d 160. *Accord, Gordon,* 501 S.W.2d 489.

Consequently, we are persuaded that prior to 1982, the two statutes relied on by petitioner did not apply to judicial paroles. We find nothing indicating that the General Assembly, in moving those statutes from chapter 549 to chapter 217 in 1982, intended to expand their scope. We hold that the statutes relied on by petitioner apply now, as before, solely to Board paroles. Accordingly, neither statute authorizes credit against petitioner's sentence for the time he spent on parole, and we know of no statute that does.

■ Inasmuch as there is no statute authorizing credit against petitioner's sentence for the time he was on parole, we must determine whether he should have been allowed such credit absent statutory authority.

In *Jacobs v. Crawford,* 308 Mo. 302, 272 S.W. 931 (banc 1925), at a time when, as now, no applicable statute authorized credit for time spent on parole against a sentence to imprisonment, habeas corpus relief was denied a penitentiary inmate who sought such credit. The Supreme Court noted that if the unexpired sentence lessened from day to day while the parolee was at large, one of the greatest inducements to persuade him to remain a law-abiding citizen would become progressively less, and the parolee might arrive at a point where he would calculate supposed benefits accruing from his failure to remain a law-abiding citizen against the diminishing penalty for failure to live such a life. 272 S.W. at 933. This illustrates the wisdom of § 559.036.3, RSMo 1978, which authorizes—but does not compel—a court, upon revocation of *probation,* to mitigate any sentence of imprisonment by reducing the term by all or part of the time the defendant was on probation. A defendant on probation is, or should be, mindful that if his probation is revoked, there is no assurance he will receive such credit, and he may be required to serve the full sentence without mitigation. Whether the absence of a similar statute regarding judicial paroles is a result of legislative oversight, or an expression of legislative intent that no such credit be allowed, is a subject about which we need not speculate.

*Jacobs* was cited in *Weber v. Mosley,* 241 Mo.App. 727, 242 S.W.2d 273, 278 (1951), as authority for the principle that a term of imprisonment is not reduced by the amount of time that would have been spent in confinement had no parole been granted. *Jacobs* appears to be the last pronouncement by our Supreme Court on the subject. It is therefore binding on us. Mo. Const. art. V, § 2; *State v. Dunn,* 615 S.W.2d 543, 550[15] (Mo.App.1981).

There being no authorization for the allowance of credit against petitioner's sentence for the time he was on parole, we hold that his restraint by respondent is lawful. The petition for writ of habeas corpus is denied; petitioner is remanded to the custody of respondent.

FLANIGAN, P.J., and PREWITT, J., concur.