Dear Dr. Black:
This opinion is in response to your request as follows:
 Missouri Revised Statute 195.200, section 8 states "no parole, probation, suspended sentence or any other form of judicial clemency may be exercised in behalf of any person punished under subdivision 3 or 5 of subsection I". Does this section prohibit the Board of Probation and Parole from paroling individuals committed under this section or does this section only apply to "forms of judicial clemency"?
Section 195.200.1(3) and (5), .6, and .8, RSMo Supp., 1984,[1]
state:
 1. Any person violating any provision of this chapter relating to Schedules I or II is punishable as follows:
. . .
 (3) Except as provided in paragraph (b) of subdivision (1) of subsection 1 of this section, for the third or subsequent offense under this chapter, relating to Schedule I and II other than selling, giving or delivering of any drug listed in Schedule I or II, or if the person has previously been convicted two or more times in aggregate of any felony violation of the laws of this state, or of the United States, or of any other state, territory or district relating to controlled substances, by imprisonment in a state correctional institution for a term of not less than ten years nor more than life imprisonment.
. . .
 (5) For the offense of selling, giving or delivering any controlled substance listed in Schedule I or II to a person if the offender has previously been convicted of any felony violation of the laws of this state, or of the United States, or any other state, territory or district relating to controlled substances, by imprisonment in a state correctional institution for a term of not less than ten years nor more than life imprisonment.
. . .
 6. If any person is to be punished under the provisions of subdivision (2), (3), or (5) of subsection 1, the duty develops upon the court to affix the term of imprisonment; in all other cases punishment shall be affixed as otherwise provided by the law.
. . .
 8. No parole, probation, suspended sentences or any other form of judicial clemency
may be exercised in behalf of any person punished under subdivision (3) or (5) of subsection 1. [Emphasis added.]
 I.
There are two systems of parole in Missouri: judicial parole and administrative parole. In re Green, 657 S.W.2d 743 (Mo.App. 1983).
"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain or ordinary meaning." City of Willow Springs v.Missouri State Librarian, 596 S.W.2d 441, 445 (Mo. banc 1980). The language of Section 195.200.8 clearly supports the position that the prohibition against granting parole, probation, and suspended sentences to those persons committed under Section 195.200.1(3) or (5) applies only to judicial clemency. The plain language of the statute states that the prohibition is against certain specific forms of clemency and "any other form of judicial clemency". (Emphasis added.)
 II.
The position that the limitations imposed are upon judicial acts alone is consistent with the content of Section 195.200.8. The statute enumerates three forms of clemency — parole, probation, and suspended sentences — that are prohibited to persons committed under Section 195.200.1(3) and (5). All three forms of clemency enumerated may be granted by a court. However, probation and suspended sentences may not be granted by the Board. Consequently, the usage of the "any other form of judicial clemency" language quoted above implies that the Missouri General Assembly intended this statutory provision to limit only the powers of the Judiciary.
 III.
Section 217.765.1 provides:
 The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction, except as otherwise provided in sections 195.200, 558.018, RSMo, and section 217.775. [Emphasis added.]
The limitation on forms of judicial clemency in Section 195.200.8 dates from 1961. S.B. 221, 1961 Mo. Laws 515. (A similar limitation was enacted by S.B. 115, 1957 Mo. Laws 679, 683-684, but such was repealed by S.B. 240, 1959 Mo. Laws.) Section 549.061, as enacted by S.B. 47, 1965 Mo. Laws 663, 664 (repealed), applicable to both judicial and administrative parole, stated:
 The circuit and criminal courts of this state, and the court of criminal correction of the city of St. Louis and boards of parole created to serve any court have power, as herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction; except as otherwise provided in section 195.200, RSMo.
[Emphasis added.]
The "except" proviso quoted above originated in 1965.
In H.B. 1196, 1982 Mo. Laws 435, 473, the judicial probation and parole statute, the present Section 217.765.1, was split off from the administrative parole section, Section 217.690. The "except" proviso was carried forward only in the judicial probation and parole statute, Section 217.765.1. The fact that the "except" proviso was not carried forward in the administrative parole statute, Section 217.690, shows that the "exception" or limitation found in Section 195.200.8 applies only to forms of judicial clemency and not to "administrative" parole granted by the Board of Probation and Parole.
As always in our opinions, we seek to analyze the law, as written, and decide the issues presented to us as would a court faced with a similar legal question. Yet, the practical effect of our opinion is that convicted, dangerous narcotics dealers may be considered for parole by the Board of Probation and Parole, but these same individuals may not be considered for parole by a court. The wisdom of this distinction escapes us.
To eliminate this distinction without a difference, Section 195.200.8 should be amended to read:
 8. No parole, probation, or suspended sentences may be exercised on behalf of any person punished under subdivision (3) or (5) of subsection 1.
Also, Section 217.690.1 should be amended to read:
 1. When in its opinion there is reasonable probability that an inmate of a state correctional institution can be released without detriment to the community or to himself, the board may in its discretion release or parole such person, except as otherwise provided in Section 195.200, RSMo. All paroles shall issue upon order of the board, duly adopted.
If these or similar amendments had been made to the statutes of this state by the General Assembly, our opinion would have reached a different result. We call upon the members of the General Assembly of the State of Missouri to adopt corrective legislation at the earliest possible date.
CONCLUSION
It is the opinion of this office that the Board of Probation and Parole has the power to parole individuals committed to an institution under Sections 195.200.1(3) and 195.200.1(5), RSMo Supp. 1984, in that the prohibition against granting parole, probation, suspended sentences, or other forms of judicial clemency contained in Section 195.200.8, RSMo Supp. 1984, apply only to the Judiciary.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General
[1] All statutory references are to RSMo Supp. 1984, unless otherwise indicated.