**STATE ex rel. Timothy A. WOODMANSEE, Relator,**

v.

**The Honorable John A. APPELQUIST, Judge of the Circuit Court of Greene County, Missouri, Division II, Thirty-first Judicial Circuit, Respondent.**

No. 65838.

Supreme Court of Missouri, En Banc.

April 2, 1985.

T. Patrick Deaton, Public Defender, Springfield, for relator.

Richard E. Monroe, Chief Asst. Pros. Atty., Springfield, for respondent.

HIGGINS, Judge.

Relator was convicted of second degree burglary, received a suspended imposition of sentence and three years probation. Probation was later revoked and he was sentenced to one year in the county jail. After seven months, he was paroled for one year. Near parole completion, a violation was reported to the trial court which then attempted parole revocation. Relator sought a writ of prohibition asserting he had served his one year sentence in jail and on parole. This Court issued its preliminary writ of prohibition and the preliminary writ is made absolute.

The issue is whether time spent on parole granted by a circuit court is credited against the sentence under section 217.-730.1, RSMo Supp.1984, when the circuit court revokes the parole. The court in *In Re Green*, 657 S.W.2d 743 (Mo.App.1983), decided this issue in the negative. Relator asserts, and this Court agrees, the interpretation accorded the statute in *Green* was improper.

"The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *State v. Kraus*, 530 S.W.2d 684, 685 (Mo. banc 1975).

Section 217.730.1 provides:

The period served on parole shall be deemed service of the term of imprisonment and ... the total time served may not exceed the maximum term of sentence.

Section 217.650(4) defines "parole" as "the release of a prisoner to the community by the court or the state board of probation and parole prior to the expiration of his term, subject to conditions imposed by the court or the board and to its supervision." Respondent, citing *Green*, argues that despite the definition of parole, section 217.-730.1 applies only to parole given by the Parole Board, and not to judicial parole.

Prior to 1982, there appears to have been a dual system governing paroles—one set of statutes governed what was entitled "Judicial Paroles," sections 549.058

through 549.197, RSMo 1978, and another set of statutes governing the "State Board of Probation and Parole," sections 549.205 through 549.310, RSMo 1978. These sections were repealed and replaced in 1982. "Probation and Parole Board, Powers and Duties" are covered in sections 217.650 through 217.730; "Circuit Courts, Probation and Parole" are covered in sections 217.750 through 217.780.

Respondent argues the repeal and subsequent enactment of statutes pertaining to correctional institutions amounted to no more than renumbering and thus a dual system still exists. Examination of the repealed statutes and the new enactments reveals that although most of the substance remained the same, there were also significant changes.

Prior to its repeal, section 549.101, RSMo 1969, gave a court revoking parole or probation discretion to allow credit for all or part of the time the defendant was on parole or probation. In 1979, section 559.036 replaced 549.101, and authorized such discretion in probation cases with no mention of parole. This was repealed in 1982. Presently, the statutes under the heading of "Circuit Courts, Probation and Parole" contain no reference to such credit in either parole or probation cases. Relator contends that the reason for this absence is that the legislature intended section 217.730.1 to apply to all paroles.

Relator thus argues the statutes under the heading "Probation and Parole Board, Powers and Duties," and the statutes under the heading "Circuit Courts, Probation and Parole," are not mutually exclusive. Support for this argument is found in Laws of Mo., 1982, p. 435, where the statutes were not separated by headings as they appear in Missouri Revised Statutes, the plain meaning of the term "parole", and in the prevalent role of the Parole Board in judicial parole cases via supervision. There is no indication that these new sections under two different headings are mutually exclusive.

■ Consideration of all the above leads to the conclusion that the intent of the legislature was to require credit be applied to a sentence for time served on parole—judicial parole or Board parole. To this extent, *Green* is overruled.

■ Relator served over seven months in jail, and spent almost a year on parole. His sentence was one year; it has been completed when credited with the time on parole. The circuit court has no jurisdiction to revoke the parole because the sentence has been served.

Accordingly, the preliminary writ of prohibition is made absolute.

RENDLEN, C.J., and WELLIVER, GUNN, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY, J., concurs in separate opinion filed.

DONNELLY, Judge, concurring.

In *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889, 891 (Mo. banc 1983), this Court held that prohibition will lie to prevent an excess of jurisdiction but "that we should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error."

In *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 497 (Mo. banc 1984), this Court held that prohibition will lie where "[r]elators do not have adequate remedy by way of appeal."

In this case, even if the court has jurisdiction there is no adequate remedy by appeal and, therefore, prohibition will lie.

I concur.