**Gary ROBERTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53262.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 12, 1988.

Donald J. Hager, Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of the sale of a controlled substance. On May 4, 1984, he received a suspended imposition of sentence and five years' probation. Movant's probation was revoked on June 7, 1985, and he was sentenced to ten years' imprisonment. The court did not grant movant credit for time spent on probation to decrease his ten-year sentence.

Movant, in his 27.26 action, asserts this failure to grant credit is a violation of the equal protection clause because the existing statutes required credit be given for time spent on parole prior to revocation, but not to probation. The 27.26 trial judge denied movant an evidentiary hearing and denied his motion finding the motion failed to allege facts entitling him to an evidentiary hearing and further finding against movant on the equal protection issue. Movant does not dispute the judge's finding regarding the evidentiary hearing, but

asks us to reverse the trial court on the equal protection issue.

The statutes regarding the right of a credit allowance when probation or parole is revoked have gone through a multitude of changes over the years. The early statutes distinguished between judicial and administrative parole, giving the court discretion in cases of judicial parole, § 549.101, RSMo 1969 (repealed 1979), but an automatic right to credit in cases of administrative parole, § 549.275.1, RSMo 1969 (repealed 1982).

In 1982, § 217.730.1, RSMo 1986 was adopted. The only case movant cites in support of his motion, *State ex rel. Woodmansee v. Appelquist,* 687 S.W.2d 176 (Mo. banc 1985), construed Section 217.730.1, RSMo 1986, to give an automatic right to credit for time spent on parole after revocation to both administrative and judicial parolees. Movant concedes that when he was sentenced, the statutes provided for no right of credit to a probationer whose probation was revoked. He contends that to distinguish those on parole from those on probation violates the equal protection clause. We disagree.

Section 217.650(4), RSMo 1986, defines parole as "the release of a prisoner to the community by the court or the state board of probation and parole prior to the expiration of his term...." Section 217.650(7), RSMo 1986, defines probation as "a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment...."

In 1977, the federal district court for the Western District of Missouri discussed in depth the differences between those on probation and those on parole, finding "the legislative classification with which we are herein concerned rationally furthers a legitimate state purpose...." *White v. Wyrick,* 432 F.Supp. 1316, 1319 (W.D.Mo. 1977). And, see present § 217.765.2, RSMo 1986, wherein the legislature again made changes providing the court may, in its discretion, credit any period of probation or judicial parole as time served on the sentence. The "equal protection" clause affords no relief to movant.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.