HOGAN, MAUS and PREWITT, JJ., concur.

**Steven HOGAN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 15520.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 5, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Appellant Steven Hogan (movant) was convicted in Jasper County pursuant to a jury verdict of selling marijuana, § 195.020, RSMo 1978, and thereafter sentenced to nine years in the penitentiary, § 195.200.1(4), RSMo 1978. Although a notice of appeal was filed, the appeal was dismissed on February 24, 1982.

On June 15, 1987, movant filed a pro se Rule 27.26[1] motion seeking to have the conviction set aside. In the motion, he complained that his attorney in the underlying criminal case was ineffective because the attorney failed to file an appeal and "never told me about the extra five years parole pursuant to R.S.MO. 195.221."[2] A second ground alleged that "the judge did not sentence me under R.S.MO. 195.221." Finally, the motion averred that the jury was improperly instructed because it "was not informed about the extra five years parole under R.S.MO. 195.221."

Counsel was appointed to represent movant and on October 7, 1987, an amended motion was filed which made no claim of ineffective assistance of counsel, improper jury instructions, or improper sentencing. The amended motion alleged, "Movant was paroled from the Department of Corrections on October 20, 1983. Movant's parole was revoked August 26, 1986." It further alleged that he had not been credited for all time spent in jail, prison time and time on parole as required by § 217.730, RSMo 1986.

The amended Rule 27.26 motion was dismissed without an evidentiary hearing. Movant appeals from that dismissal arguing (1) that because he was not properly credited with time served on parole, the court erred in failing to grant an evidentiary hearing, and (2) the court erred because movant's counsel did not "present all of appellant's claims in a lawyerlike fashion."

Our review is limited to a determination of whether the findings, conclusions, and judgment of the trial court below are clearly erroneous. Rule 27.26(j); *Daniels v. State,* 751 S.W.2d 399, 401 (Mo.App.1988). No evidentiary hearing is required if the files and record in the case conclusively show that the movant is entitled to no relief. *Fields v. State,* 572 S.W.2d 477, 483 (Mo. banc 1978).

---

1. Rule references are to Missouri Rules of Criminal Procedure (18th ed. 1987). Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. § 195.221, RSMo 1978; repealed, Cum.Supp. 1984.

The post-conviction procedures provide a remedy for a prisoner who desires to attack the propriety of his *sentence.* A Rule 27.26 proceeding may not be used as a substitute for habeas corpus where a movant complains of his continued incarceration due to an alleged refusal by the Board of Probation and Parole to grant him credit for time he was on parole. *Green v. State,* 494 S.W.2d 356, 357 (Mo. banc 1973); *Smith v. State,* 741 S.W.2d 727, 729 (Mo.App.1987). The motion court correctly found, as a matter of law, that Supreme Court Rule 27.26 does not provide a remedy for the relief movant seeks regarding being given credit for time on parole. Movant's first point is without merit.

Movant's second point is an attack on the effectiveness of his attorney in the post-conviction proceeding. Movant complains that his attorney failed to include all grounds which were alleged in the original pro se motion when the amended motion was filed. The general rule is that inadequacy of a Rule 27.26 counsel cannot be challenged in the appeal of the Rule 27.26 motion. *Lowery v. State,* 738 S.W.2d 573, 575 (Mo.App.1987); *Feemster v. State,* 735 S.W.2d 159 (Mo.App.1987). See also *Brauch v. State,* 653 S.W.2d 380, 381 (Mo. banc 1983). An exception to this general rule is found in Rule 27.26(h) and cases construing that rule.

This court has held that under Rule 27.26(h), a pro se motion should not be dismissed without evidentiary hearing unless it appears (1) that movant was informed of a proposed amendment necessary to meet the requirements of the rule, (2) that movant was informed of the consequences of a dismissal in the absence of amendment, and (3) that without just cause in defiance of the rule, movant refused to permit the amendment. *Lee v. State,* 729 S.W.2d 647, 648 (Mo.App.1987); *Pool v. State,* 634 S.W.2d 564, 566 (Mo.App.1982). Failure of counsel to comply with the first and second requirements so undermines a prisoner's right to effective representation that such conduct should not be tolerated and may be raised in the appeal of the Rule 27.26 motion. *Pool v. State, supra.* This exception to the general rule has no application where counsel has been appointed and an amended motion filed.

In this case after movant filed his pro se motion, counsel was appointed to represent him. An amended motion was prepared and filed. The amended motion was signed and sworn to by the movant, including a statement by him that it included "every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion." There is nothing in the record to indicate that movant's appointed lawyer failed to comply with the provisions of Rule 27.26(h) or that counsel failed to confer with movant regarding the amended motion. Movant's second point is denied and the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.