**Carl MILLIGAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16290.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 13, 1989.

S. Dean Price, Sp. Dist. Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

This is an appeal from the denial of movant Carl Milligan's Rule 24.035[1] motion to vacate his five-year prison sentence imposed by the Circuit Court of Webster County, Missouri. We affirm.

On April 16, 1985, Milligan entered a plea of guilty to a charge of selling a controlled substance. After accepting the plea, the trial court sentenced Milligan to five years' imprisonment as punishment for the crime, but suspended imposition of sentence, and placed Milligan on what the trial court termed "parole" under supervision of the Missouri Board of Probation and Parole. The "parole" was subsequently revoked, and execution of sentence was ordered on August 18, 1987.

After he was incarcerated, Milligan filed a post-conviction motion to vacate his sentence, pursuant to Rule 24.035. The only ground stated in the motion for vacating the sentence was that the trial court failed to credit Milligan with time served on judicial parole as part of his sentence.

After the attorneys for Milligan and the State stipulated that there were no disputed fact issues, the motion court, on the basis of the record before it, concluded that while Milligan would have been entitled to credit for time spent on parole as part of his sentence, whether parole board or judicial parole, citing § 217.730 and *State ex rel. Woodmansee v. Appelquist*, 687 S.W.2d 176 (Mo. banc 1985), what the trial judge actually did was place Milligan on probation, rather than parole, since he was released by the trial court without imprisonment at the time he was sentenced.[2] The motion court further concluded that since Milligan was actually placed on probation, he was not entitled as a matter of law to time spent on probation, citing *Roberts v. State*, 742 S.W.2d 633 (Mo.App.

1. Unless indicated otherwise, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

2. Section 217.650(4) defines parole as "the release of a prisoner to the community by the court or the state board of probation and parole prior to the expiration of his term, subject to

conditions imposed by the court or the board and to its supervision," while § 217.650(7) defines probation as "a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment, subject to conditions imposed by the court and subject to the supervision of the board."

1988), and therefore was not entitled to the relief requested. On that basis, the motion to vacate was denied.

Milligan appealed, reiterating that since the trial court had said he was paroled, he was actually paroled, and therefore was entitled as a matter of law to credit for his time spent under supervision by the parole board as a part of his sentence, citing *State ex rel. Woodmansee v. Appelquist, supra,* as authority for his position.

▆▆▆ We would be inclined to dispose of the appeal summarily for the reason that claims for credit for time served while on probation or parole are not subject to relief in Rule 24.035 or Rule 29.15 proceedings, as such claims do not refer to defects in trial proceedings of a constitutional nature that would be cognizable in post-conviction proceedings, *Chatman v. State,* 766 S.W.2d 174, 175 (Mo.App.1989), *Hogan v. State,* 755 S.W.2d 26, 28 (Mo.App.1988), were it not for the fact that we feel we should address the conclusion of the motion court that had Milligan been placed on judicial parole rather than judicial probation, he would have been entitled to credit for time served while on supervision as a matter of law. That conclusion, while formerly true under the doctrine of *State ex rel. Woodmansee v. Appelquist,* is no longer the case. *Woodmansee* became law on April 2, 1985, overruled *In re Green,* 657 S.W.2d 743, 745–746 (Mo.App.1983), which held that a defendant was not entitled to credit for time spent on judicial parole, if that parole was later revoked, and execution of sentence ordered. The Supreme Court in *Woodmansee* held that the only statute in existence at that time relating to the subject matter was § 217.730.1 RSMo Supp.1984 which provided: "The period served on parole shall be deemed service of the term of imprisonment and ... the total time served may not exceed the maximum term of sentence." The Supreme Court concluded that absent any showing of any legislative intent to the contrary, § 217.720.1 required that credit be applied to time spent on judicial parole, as well as parole by the parole board. In 1986, the Missouri legislature, by amendment effective March 17, 1986, amended § 217.765, Cum.Supp.1989, so that the circuit court, *in its discretion* may credit any period of probation or parole as time served on a sentence. This amendment was in effect at the time Milligan's sentence was ordered executed on August 18, 1987. Therefore, it would have made no difference whether Milligan had been placed on judicial parole, as erroneously stated by the trial court, or placed on probation, as he actually was and as was found by the motion court, since the result would have been the same, as credit for time spent in either status was a matter of grace, rather than as a matter of right, which grace was not granted in this case by the trial court. In deciding that Milligan was not entitled to relief, the motion court reached the correct conclusion, even though it used an incorrect declaration of law regarding credit for time served while on judicial parole.

The conclusion of the motion court that Milligan was not entitled to relief was not clearly erroneous. The judgment denying Milligan's motion to vacate is affirmed.

CROW, P.J., and PREWITT, J., concur.