STATE of Missouri, Respondent,

v.

Ken MALLORY, Appellant.

No. WD 48526.

Missouri Court of Appeals,
Western District.

Aug. 9, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1994.

Application to Transfer Denied
Nov. 22, 1994.

Ken Mallory, pro se.

Robert R. Sterner, Pros. Atty., Callaway County, Fulton, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

On January 8, 1993, in a judge-tried case, Ken Mallory was found guilty of harassment, a class A misdemeanor. The court sentenced him to six months in jail. Mallory appeals, claiming that the trial court erred when it placed him on parole for two years because that term exceeded the maximum term of his six-month sentence. He also contends that the state did not present sufficient evidence

to support his conviction. We affirm his conviction, but reverse the court's judgment as to sentencing and remand for resentencing.

Viewing the evidence in the light most favorable to the verdict, the record established that Mallory and Debbie Poindexter had lived in neighboring mobile homes since 1987. Poindexter also knew Mallory as a frequent customer at a convenience store where she worked. Mallory took a cactus to Poindexter for her to care for and left clay pots on her doorstep. Mallory told her once that she needed a man in her life. On another occasion Mallory stopped by her house while a male friend was visiting her and said, "May the best man win." Poindexter received a Valentine's Day card from Mallory in which he wrote, "I wanted you to be my friend forever and ever and ever. I wanted to add another 'ever', but I thought it might be too pushy." Poindexter complained to a sheriff's deputy about Mallory. She asked the deputy to tell Mallory that she wanted to be left alone, but the record does not indicate whether the deputy talked to Mallory.

During the summer of 1990, Poindexter and Mallory enrolled in the same college course. When Poindexter moved to a desk across the classroom to get away from Mallory, he followed her. He also followed her outside the classroom. Poindexter would hide to avoid him. After two weeks of the four-week course, Poindexter dropped the class.

Poindexter later began receiving numerous hang-up calls. Initially, no pattern existed to the calls. Later, Poindexter noticed she received the calls whenever a pickup truck was parked in her driveway. Within 15 minutes of the truck's arrival the calls commenced, and they continued until the truck left. Poindexter asked the telephone company to trace the calls, but the company did not because of a purported scheduling problem. The hang-up calls continued, so Poindexter called Dennis Crane, a deputy sheriff. Crane arranged for a telephone trace.

On January 26, 1991, Poindexter's friend with the pickup truck visited her at 6:30 A.M. Poindexter received a hang-up call at about 6:45 A.M., and the calls continued every 15 minutes until 9:00 or 9:15 A.M. The calls stopped for an hour or two before resuming. Poindexter received nine hang-up calls that day. Telephone company personnel told Crane that they traced nine calls between 6:50 A.M. and 12:17 P.M. on January 26, 1991, to Mallory's telephone number.

Mallory was found guilty of a class A misdemeanor of harassment and sentenced to six months in the county jail. After the trial court sentenced Mallory, it stayed execution of the sentence so that Mallory could post an appeal bond. Mallory posted the appeal bond on February 10, 1993, and a filed a notice of appeal on February 17, 1993. This court dismissed his appeal as untimely on April 7, 1993, and Mallory was subsequently incarcerated. On April 27, 1993, Mallory filed a motion for parole, and the trial court placed him on two years' parole under the supervision of the Missouri Board of Parole and Probation. Mallory filed a motion to file his appeal out of time with this court on October 12, 1993. We granted that request.

■ Mallory contends that the trial court erred when it placed him on two years' parole because it exceeded the maximum term of his six month sentence. He argues that the court's order of parole violates § 217.730, RSMo Cum.Supp.1993, and violates his due process rights as guaranteed by the U.S. CONST. amends. V and XIV and MO. CONST. art. I, § 10 (1945).

Section 217.730.1 says, "The period served on parole shall be deemed service of the term of imprisonment and ... the total time served may not exceed the maximum term or sentence." Mallory relies upon *State ex rel. Woodmansee v. Appelquist,* 687 S.W.2d 176 (Mo. banc 1985), for support of his argument that time served on parole must be credited against his sentence and that his parole must not exceed his maximum sentence.

In *Woodmansee,* the Supreme Court of Missouri considered the plight of Timothy Woodmansee who had been sentenced to one year in the county jail after his probation was revoked. After seven months in jail, he was paroled for one year, but near the end of his parole, the trial court attempted to revoke

his parole for an alleged violation. The Supreme Court blocked the revocation pursuant to § 217.730.1. It held that the statute manifested "the intent of the legislature . . . to require credit be applied to a sentence for time served on parole–judicial parole or Board parole." *Id.* at 177.

To combat Mallory's reliance on *Woodmansee*, the state cites § 559.100, RSMo Cum.Supp.1993, which the General Assembly enacted after *Woodmansee*. Section 559.100 gives circuit courts the authority to place persons on probation or parole. Subsection 2 provides, "The circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence." This provision is not applicable to Mallory's case; it applies only when the parole or probation has been **revoked**. Mallory's situation is the opposite; the circuit court placed him on parole after he served a portion of his sentence.[1]

Because § 559.100 is not applicable, we return to § 217.730.1. Given the Supreme Court's construction of § 217.730.1, we conclude that the trial court had no discretion in the matter; the statute mandated that the period of parole it set for Mallory not exceed the maximum term or sentence originally ordered by the court, six months.

Resentencing is a proper curative measure, *State v. Moore*, 633 S.W.2d 140, 147 (Mo.App.1982), so we remand for the trial court to modify its order of parole so that the period of parole does not exceed six months. If Mallory's sentence of six months has already been served through a combination of jail time and parole, the court shall order him discharged.

Mallory also contends that the state did not present sufficient evidence to support his conviction. He argues that the state presented insufficient evidence to convince a rational trier of fact beyond a reasonable doubt that he intended to disturb Poindexter by making repeated telephone calls. We disagree.

When reviewing the sufficiency of evidence, we consider all the evidence, direct and circumstantial, and its inferences in a light most favorable to the verdict, and we reject all contrary evidence and inferences. Our review is limited to determining whether the trier of fact had sufficient evidence from which to find the defendant guilty beyond a reasonable doubt. *State v. Koetting*, 691 S.W.2d 328, 329–330 (Mo.App.1985).

Mallory was charged with violating § 565.090, RSMo 1986. That statute provides, "A person commits the crime of harassment if for the purpose of frightening or disturbing another person, he . . . [m]akes repeated telephone calls." The caller's intent is "a state of mind and usually not susceptible to direct proof and generally, is established by circumstantial evidence." *Koetting*, 691 S.W.2d at 330.

We think it is reasonable to infer from the facts that Poindexter was bothered by the hang-up calls and wanted them to stop as evidenced by her taking steps to get a trace put on her phone. We also find that it was reasonable for the trial court to conclude that Mallory intended to disturb Poindexter as evidenced by Mallory's following Poindexter at school and his challenge to Poindexter's male friend, "May the best man win."

Mallory contends, in essence, that to prove his intent to disturb, the state had to establish that Poindexter told him to stop calling her. We disagree. Nine hang-up calls in a five and a half hour period of time coupled with Mallory's other actions evidences an intent to disturb.

We conclude that the state presented sufficient evidence to convict Mallory of harassment, but we still reverse the trial court's judgment because the court exceeded maximum limits in setting parole. We remand so the trial court may modify its order placing Mallory on two years' parole.

All concur.

---

1. An example of the proper context for applying § 559.100 is *Milligan v. State*, 781 S.W.2d 267 (Mo.App.1989). Although the Milligan court was construing § 217.765, RSMo Supp.1989 (now repealed), the statutory provision was identical to the pertinent one in § 559.100.