**STATE of Missouri ex rel., Matthew JOHNSTON, Relator,**

v.

**Honorable John B. BERKEMEYER, Judge of Gasconade County, Respondent.**

No. ED 86191.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

June 21, 2005.

Steven R. White, Purschke & White, L.L.C., Union, MO, for Relator.

Mary E. Weston, Assistant Prosecuting Attorney, Hermann, MO, for Respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Matthew Johnston (Relator) filed a Petition for Writ of Prohibition. This Court granted a preliminary order in prohibition. The trial court, Honorable John B. Berkemeyer (Respondent), filed an answer to the preliminary order in prohibition. In accordance with Rule 84.24, the court dispenses with further briefing and oral argument. The preliminary order is made absolute.

On February 11, 2004, Relator pled guilty to one count of second-degree property damage, a Class B misdemeanor, in violation of Section 569.120[1]. Respondent

sentenced Relator to thirty days in the county jail and remanded Relator to the custody of the sheriff. On February 18, 2004, seven days after Relator was sentenced, Respondent held a hearing in which it suspended the balance of Relator's sentence, released Relator from the county jail, and placed him on two years' probation "under the standard conditions of probation." On June 3, 2004, nearly four months after placing Relator on probation and nearly three months after Relator's original thirty-day sentence had expired, Respondent issued an order suspending Relator's probation because he had not paid court costs associated with his conviction for property damage. Respondent subsequently issued a warrant for Relator's arrest. Eventually, Relator paid the court costs and Respondent withdrew the arrest warrant, but Relator's probation remained suspended.

In September 2004, Respondent found that, in August 2004, Relator had received a citation for Minor in Possession of Alcohol while operating a motor vehicle and for failure to display valid plates, both of which were "violations of Conditions # 1 and # 2 of Order of Probation." In the case's docket entries, Respondent noted that, because of Relator's violations of the probationary conditions, Relator's probation "remain[ed] suspended." Respondent issued a summons and ordered Relator to appear on October 6, 2004, for a probation status hearing. Relator appeared as ordered, and, after several continuances, Respondent set a probation revocation hearing for May 4, 2005.

On April 27, 2005, Relator filed his Petition for Writ of Prohibition (petition) claiming that Respondent exceeded his authority in attempting to conduct a probation revocation hearing and requesting

1. All subsequent statutory references are to RSMo.2000, unless otherwise indicated.

that this Court issue a writ of prohibition to prevent Respondent from taking further action against Relator in this matter. In his petition, Relator presents two alternative reasons in support of his claim that Respondent exceeded his authority: 1) by recalling Relator from the county jail after he had served a portion of his thirty-day sentence, Respondent actually placed Relator on parole, not probation, and the term of Relator's parole expired on March 12, 2004; or 2) even if Respondent properly placed Relator on probation, the State failed to file a motion to revoke Relator's probation, and, therefore, Respondent lacked jurisdiction to revoke Relator's probation until such a motion is filed. However, given our disposition of Relator's first argument in his petition, we need not address Relator's second argument.

 Under Missouri law, the trial court shall have the power to place a defendant on probation or parole if the defendant was convicted of any offense over which the trial court has jurisdiction, except as otherwise provided by statute.[2] Section 559.100.1. "Probation" is defined as a procedure under which a defendant who has been found guilty of a crime by either a verdict or a guilty plea and is released by the trial court *without being imprisoned*, subject to conditions imposed by the trial court and subject to the supervision of the State's board of probation and parole, unless the defendant was sentenced pursuant to Section 559.026 or 559.115. Section 217.650(7); Section 559.026; Section 559.115. Section 559.026 authorizes the trial court to require a defendant convicted of either a misdemeanor or a felony to serve a period of detention or imprisonment as a condition of probation, as long

as the trial court imposes such a condition "when probation is granted," i.e., at sentencing. Section 559.026. Section 559.115 further authorizes the trial court to retain jurisdiction over a defendant convicted of a felony and to sentence him to a period of up to 120 days' imprisonment in the department of corrections before considering the defendant's eligibility for probation or granting probation. Section 559.115. Thus, unless the defendant was sentenced pursuant to Section 559.026 or Section 559.115, no Missouri statute authorizes the trial court to place the defendant on probation after he has been committed to jail or the department of corrections. Moreover, in a criminal proceeding, once judgment and sentencing occur, the trial court has exhausted its jurisdiction, and subsequent proceedings will be considered a nullity. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 444–45 (Mo. banc 1993). The trial court can take no further action except as otherwise expressly provided by statute. *Id.* at 445.

 On the contrary, "parole" is defined as the release of a defendant to the community by the court or the State's board of probation and parole prior to the expiration of his term of imprisonment, subject to conditions imposed by the trial court or the board and its supervision. Section 217.650(4). Thus, parole is granted *after* the defendant has served part of his total sentence. "The period served on parole . . . shall be deemed service of the term of imprisonment and . . . the total time served may not exceed the maximum term or sentence [originally imposed]." Section 217.730.1; *see also State ex rel. Woodman-see v. Appelquist*, 687 S.W.2d 176, 177 (Mo.

---

**2.** See Sections 195.275 through 195.296 (prior and persistent drug offenders), Section 558.018 (persistent and predatory sexual offenders), Section 565.020 (first-degree murder), Section 571.015 (armed criminal action), and Section 559.115 (120–day incarceration program). Section 559.100.1.

banc 1985); *State v. Mallory,* 886 S.W.2d 89, 91 (Mo.App. W.D.1994).

■ In this case, Relator was sentenced to thirty days in the county jail after a guilty plea. At the time sentence was imposed, Respondent did not place Relator on probation or sentence Relator to a period of detention or imprisonment with the possibility of probation at a later time pursuant to either Section 559.026 or Section 559.115. Clearly, because Relator was not sentenced pursuant to the provisions of either Section 559.026 or Section 559.115, Respondent was without authority to place Relator on probation *after* he had served part of his total jail sentence. Moreover, on February 11, 2004, when Respondent accepted Relator's guilty plea, entered its judgment, and imposed the thirty-day jail sentence, Respondent exhausted its jurisdiction to amend Relator's sentence to include probation, and the subsequent proceeding on February 18 in which Respondent purported to place Relator on two years' probation was a nullity. *Simmons,* 866 S.W.2d at 444. In his answer, Respondent asserts that the trial court retains jurisdiction under Rule 75.01 to amend the judgment for thirty days after entry of the judgment and so Respondent could amend the judgment on February 18,2004 to provide for probation. However, Rule 75.01 does not apply to criminal proceedings.

■ At the proceeding on February 18, 2004, when Respondent suspended the remainder of Relator's sentence and released him, Relator was in effect placed on parole. The record reveals that Relator's original thirty-day sentence was scheduled to expire on March 12, 2004. Thus, because Relator's period of parole could not exceed the thirty-day sentence originally imposed by Respondent and because Relator served his sentence through a combination of jail time and parole, Relator's sentence was complete on March 12. *See Woodmansee,* 687 S.W.2d at 177; *Mallory,* 886 S.W.2d at 91.

We hold that Respondent was without authority to place Relator on probation after he served part of his original jail sentence and that Relator already has served his entire sentence of thirty days through a combination of jail time and parole; therefore, Respondent is without authority and is prohibited from conducting further proceedings in this matter. The preliminary order is made absolute.

KATHIANNE KNAUP CRANE, Judge and GLENN A. NORTON, Judge: Concur.