STATE of Missouri, Respondent,

v.

Vanessa WEATHERFORD, Appellant.

No. 44353.

Missouri Court of Appeals, Eastern District, Division Three.

March 9, 1982.

Ellen F. Watkins, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Vanessa Weatherford appeals the summary denial of her Rule 27.26 motion. Thereby she challenged two concurrent seven year sentences imposed upon her guilty pleas to felonious stealing.

Defendant here contends the motion court erred because her guilty pleas were defective; this because she was induced to plead guilty by promised recommendations of both state and defense counsel, to which the trial court had agreed, that she would get concurrent one year jail sentences.

The record supports her contention, with one stark exception. It shows the promised jail sentences were expressly conditioned upon defendant's promise to return to court for sentencing on a given date.[1] This promise she did not keep.

Defendant did not appear in court on October 31. Some five months later an order was issued for her arrest; on April 23 she was returned to court for sentencing. She explained her absence by contending her mother has been seriously ill. The trial court sentenced her to two concurrent seven year prison terms.

Here, defendant's cited cases on promised sentences ignore the critical factor that here the promises were specifically conditioned on her promised return to court, a promise she failed to keep.

The issue here was before us in *Brown v. State*, 607 S.W.2d 801[1] (Mo.App.1980). There, after a guilty plea and pending sentence the trial court agreed to accept a plea bargain conditioned, as here, on defendant's promise to appear on the day set for sentencing. He did not appear and got a longer sentence. On *Brown's* Rule 27.26 appeal we affirmed, holding: "Here it is only reasonable and just to hold Brown to the bargain he made with the court and the prosecutor. That bargain was that if Brown violated any of the conditions the court was free to sentence him to any term allowed by law. The court carried out the bargain actually made and Brown is in no position to complain. Indeed to allow him to prevail would be to hold that he could profit by his violation of the agreement and in effect obtain a reward for his own wrongdoing." So it is here.

Affirmed.

REINHARD, SNYDER and CRIST, JJ., concur.

---

1. "You are set for sentencing at October 31st, at 10:00 o'clock. I will expect you to be here at that time. If you are not, I will issue an order for your arrest. When you are picked up I will then sentence you. The sentence at that time would be seven years in the penitentiary. I will disregard the State's recommendation if you fail to appear October 31st, and I will sentence you to the maximum for this charge. Now, knowing that, do you still want to plead guilty?" The appellant responded, "Yes, sir."