**Alfred HARRIS, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 54729.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 7, 1989.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for movant.

---

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The issue in the present appeal is whether the motion court erred in denying movant relief under former Rule 27.26 from sentences in three felonies and a misdemeanor following movant's plea of guilty on the charges. The motion court was also the sentencing court. The sole question is whether the court violated the provisions of Rule 24.02(d) and Rule 24.02(d)(4) by sentencing defendant to three concurrent six year terms on the felonies and a one year concurrent term on the misdemeanor, where a plea agreement was for concurrent three year sentences on the felonies and a concurrent one year sentence on the misdemeanor.

Rule 24.02(d) prohibits the court from participating in any plea negotiations but authorizes the court, after a plea agreement has been reached, to discuss the agreement with the attorneys and to suggest alternatives that would be acceptable. Rule 24.02(d)(4) mandates a procedure in the event the court rejects a plea agreement. In that event the court shall, on the record, inform the parties, advise the defendant that the court is not bound by the agreement, afford the defendant the opportunity to withdraw his plea, and warn the defendant that if he persists in a guilty plea the disposition may be less favorable than the agreement. In the context of these Rule 24 provisions the following occurred on June 1, 1987, the date of the guilty plea, on August 3, 1987, the date of sentencing and on April 8, 1988, the date of hearing on movant's motion for post conviction relief.

On June 1, 1987, defendant appeared with counsel. The court conducted a thorough hearing before accepting defendant's pleas of guilty. Defendant satisfied the court by his testimony that he was prepared to enter pleas of guilty and that his rights had been fully protected. The court then told the defendant that he understood the plea bargain to be three years concurrent on three felonies and one year concurrent on the misdemeanor "for a total of three." The judge was advised that no pre-sentence investigation would be requested. Defendant acknowledged four prior nonviolent offenses. Defendant requested the court to delay sentencing to June 26, 1987, in order to permit defendant to attend to personal matters relating to the recent death of his son. In response the court told the defendant:

> I have no problem with that but I don't want to get set up and have a guy run or jump on me so that the plea bargain will go down on the 26th to be the three years unless you fail to show up and then it will be six concurrent with each other instead of the three. Now, do we understand one another?

Defendant's answer was, "[y]es, sir."

The sentencing did not take place on June 26, 1987. It was reset for July 10, 1987, to accommodate a problem encountered by defendant and for the convenience of the court.

On July 10, 1987, the defendant appeared with his wife and counsel. Defendant asked counsel to request a further continuance of the sentencing date. Counsel informed defendant there was little prospect that the court would agree. Defendant then left the court house. Because defendant did not appear for sentencing the court revoked defendant's bond and issued a warrant for arrest. The defendant delayed contacting his counsel until after receiving a letter from her which urged defendant to turn himself in.

On August 3, 1987, the defendant appeared for sentencing. The court acknowledged the plea bargain presented to the court on June 1, 1987, was for three concurrent three year terms and a concurrent one year term. However, the court informed the defendant the plea bargain had been conditional upon defendant appearing for sentencing. From the plea transcript the court quoted the response to the proposed agreement: "the plea bargain will go down on the 26th to be three years unless you fail to show up and then it will be six concurrent with each other instead of

three." The court directly questioned the defendant if that was his understanding and the defendant acknowledged that it was.

During the April 8, 1988, hearing on movant's motion for post conviction relief defendant, now movant, was asked the following questions and gave the following answers:

Q. And at that time of the plea, do you recall Judge Kitchin advising you in court at the time of the plea that if you did not appear on June 26th for sentencing, he would sentence you to six years instead of three years?

A. Yes.

Q. You were well aware of that; isn't that correct?

A. That's what he said; yes.

Q. You were well aware he told you he would sentence you to six years.

A. I said that's what I said.

\* \* \* \* \* \*

THE COURT: You answered, "Yes, sir." So you understood I made that a part of the plea bargain in June; did you not, sir?

A. I guess you did.

THE COURT: Any question about that?

A. No, sir.

Defendant's trial counsel testified at the motion hearing. She recalled the judge allowing defendant time to get his affairs in order. She recalled a discussion with the court and the assistant circuit attorney regarding an incentive for defendant to return for delayed sentencing. Particularly, she recalled, her belief "that Judge Kitchin said that there would be some incentive, that the sentence would be higher. I do not recall if it was the exact six years." Judge Kitchin was the first person that brought up the fact the plea bargain would be six years if Mr. Harris did not appear for sentencing. There was no discussion at the time of sentencing regarding withdrawal of the guilty pleas. Defendant's counsel testified, "[t]here was no reason to."

The motion court found that the plea bargain was accepted by the court and the bargain was for concurrent three year terms if defendant appeared on June 26, 1987, for sentencing but concurrent six year terms if he did not. It also found defendant failed to appear on July 10, 1987, the date substituted, by agreement, for June 26, 1987. The court accepted testimony of counsel for defendant and rejected movant's testimony that there was an excuse, within the intention of the plea bargain, for defendant's absence from the courtroom on July 10, 1987. The court found as a fact that the six year sentences did not exceed the plea agreement.

We hold that the findings, conclusions and judgment of the motion court are not clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.-26(j) (repealed). The full answer to movant's claim of error is that the final plea agreement was not simply for terms of three years on the felony charges, but instead, was for terms of three years on the charges if he appeared for sentencing on the date set and terms of six years if he did not. We find the requirements of Rule 24.02(d) and 24.02(d)(4) were not violated by the sentencing court.

■ Movant does not dispute the stated intention of the court to sentence him to concurrent three year terms on the date set for sentencing. It would have done so on the plea day except for defendant's request. Defendant acknowledged four prior convictions and, with the assistance of counsel, was prepared to waive a pre-sentence investigation. He did so. The only reason for the delay in sentencing was the request of defendant for personal reasons involving the death of his son. There was evidence before the motion court to support a finding that defendant failed to appear without any legitimate excuse on the rescheduled sentencing date. Timely appearance for sentencing was an added condition of the plea. We have enforced such conditions. In *Brown v. State*, 607 S.W.2d 801 (Mo.App.1980) [1] the court reversed an order of the trial court vacating sentences im-

---

1. This case was reexamined. *See, Brown v. State*, 619 S.W.2d 68 (Mo. banc 1981).

posed outside of a plea bargain where conditions were placed upon the acceptance of the plea bargain and defendant Brown violated the conditions. The court rejected Brown's assertion that he was entitled to withdraw his plea because "under the plea bargain he undertook the obligation to abide by the three conditions and later violated one of them.... Here it is only reasonable and just to hold Brown to the bargain he made with the court and the prosecutor." *Id.* at 804. The record here fully supports the finding of the motion court, in this case also the sentencing court, that the accepted plea bargain was for concurrent six year sentences if the defendant failed to appear as required.

■ The sentencing court did not violate the relevant provisions of Rule 24.02. It did not participate in the discussions and fully accepted the plea agreement of the parties, providing that defendant appeared for sentencing as scheduled. Rule 24.02(d) authorized the court to discuss the agreement and to suggest an alternative, a greater punishment if defendant did not appear for sentencing as scheduled. As a result of the suggested alternative a condition connected to a greater punishment was accepted by counsel, explained to and accepted by defendant. Movant does not dispute the in-court record which confirms acceptance of a plea bargain containing the provisions for either concurrent three year sentences or concurrent six year sentences, depending entirely upon defendant appearing or not appearing for sentencing, his own choice. The unusual factual setting for the present dispute was entirely provoked by defendant's request for special treatment, an accommodation by the sentencing court, and movant's unexcused failure to comply with his agreement to appear for sentencing.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.