**Charles FINLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 65721.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1995.

Application to Transfer Denied
Feb. 21, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Movant appeals from the denial without evidentiary hearing of his Rule 24.035 motion. He contends the trial court erred in sentencing him to a more severe punishment than he had bargained for in plea negotiations and in failing to give him an opportunity to withdraw his guilty plea. We affirm.

On March 23, 1993, movant and his attorney appeared before the Honorable Michael David and announced his intention to plead guilty to a charge of possession of cocaine. In accordance with plea negotiations, the State recommended a sentence of five years imprisonment. After meticulously examining movant in accordance with Rule 24.02, Judge David accepted the plea. He also acceded to movant's request for a pre-sentence investigation. In doing so, however, Judge David advised movant that if he failed to appear on the day set for sentencing the judge would not consider himself bound by the State's five year recommendation and might sentence movant as a prior offender to as much as twenty years. After being assured that movant understood this condition, the following colloquy occurred.

THE COURT: Are you still asking this Court to grant you a pre-sentence investigation and to accept this plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Under those circumstances and under those qualifications and limitations; is that correct?

THE DEFENDANT: Yes.

Sentencing was set for April 30, 1993. Movant failed to appear on that date, and a capias warrant for his arrest was issued. Eventually he was surrendered by his bondsman. On July 2, 1993, movant appeared before Judge David. He acknowledged that he knew his failure to appear on April 30th would result in an enhanced sentence. He blamed this failure upon his heroin addiction. The Court then found him to be a prior and persistent offender and sentenced him to ten years in prison.

Movant filed a timely pro se motion under Rule 24.035 seeking to vacate his sentence. Counsel was duly appointed, and an amended motion was filed. With detailed findings of fact and conclusions of law, Judge David denied the motion without an evidentiary hearing.

On appeal, movant asserts that: Judge David inserted himself as a participant in plea negotiations by imposing the condition of appearance for sentencing in violation of Rule 24.02; in so doing, Judge David effectively rejected the plea bargain reached with the prosecutor without affording movant an opportunity to withdraw his plea; and movant's plea attorney was ineffective for not objecting to this procedure.

The facts and the issues in this appeal are virtually identical with those of *Harris v. State*, 766 S.W.2d 460 (Mo.App.1989). In *Harris* we held that a Circuit Judge who told a defendant his sentence would be enhanced if he failed to appear for sentencing on a date certain was not in violation of Rule 24.02. *Id.* at 462. Rather, he was merely exercising the authority vested in him pursuant to Rule 24.02(d) to suggest an alternative to the plea agreement. *Id.* at 463. We note that in *Harris* the Judge simply imposed the condition of appearance at sentencing in order to avoid harsher punishment. Here, Judge David gave movant an option of accepting the condition or standing by the plea bargain without delay, and movant chose to accept the condition and risk enhancement of the sentence. Movant made the agreement; it is

only reasonable to hold him to his bargain. To hold otherwise would send the message that agreements between a sentencing judge and a defendant are not binding upon the defendant and may be violated with impunity. This we refuse to do.

This court has consistently reached a similar conclusion under similar facts. *See State v. Weatherford,* 631 S.W.2d 668 (Mo.App. 1982); *Brown v. State,* 607 S.W.2d 801 (Mo. App.1980).

Obviously, counsel cannot be found ineffective for failure to make a meritless objection. *State v. Roberts,* 838 S.W.2d 126, 134–35 (Mo.App.1992).

We find movant's attempt to distinguish this case from *Harris, Weatherford* and *Brown* to be singularly unpersuasive. His reliance on *Blackford v. State,* 884 S.W.2d 98 (Mo.App.W.D.1994) is misplaced. In *Blackford* the trial court increased an agreed sentence only because of a presentence investigation report. The court took this action with no advance warning and with no misconduct or failure to live up to the agreement on Blackford's part. In contrast, here movant was given the option of accepting or rejecting the condition imposed for delay and was warned of the consequences of failing to live up to his agreement. There is no injustice in imposing the promised consequences after his undisputed misconduct.

The judgment of the motion court is affirmed.

GRIMM, C.J., and REINHARD, J., concur.