**Gerald Allen CUPP, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 22251.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 30, 1998.

Rosalynn Koch, Columbia, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Linda Lemke, Assistant Attorney General, Jefferson City, Attorneys for Respondent.

PHILLIP R. GARRISON, Chief Judge.

On April 7, 1997, Gerald Allen Cupp ("Movant") pled guilty to one count of sec-

ond-degree burglary in violation of § 569.170,[1] one count of stealing in violation of § 570.030, and two counts of forgery, both in violation of § 570.090. At the guilty plea hearing, the court accepted Movant's plea, finding that it was made knowingly, voluntarily, and intelligently. The State recommended a six-year sentence on each count to run concurrently, subject to § 559.115, commonly referred to as the 120–day shock program. Section 559.115 allows a court to consider the possibility of releasing a prisoner from the custody of the Department of Corrections and placing him on probation at any time within 120 days of his incarceration. The court sentenced Movant in accordance with the State's recommendation, at which time the following colloquy occurred:

Court: Now, [Movant], it's been discussed that I release you until you're transported. Here's what I want to tell you: If I do that and if either one of two things happens; one, if you get in any further trouble or commit or are charged with any new crimes, or if you fail to appear at the time I tell you to, in either event, I'll delete, take back, from these sentences the 120–day portion of it and just have straight six-year sentences. Understand?

Defendant: Yes, sir.

Court: And on that basis and with that understanding, do you request to be released for 14 days until—and surrender yourself to the custody of the Sheriff?

Defendant: Yes, sir.

Court: Well, the State recommends that the Court release you only for ten days and I think that would be falling about on a Friday, and I don't think that there will be any transporting done over the weekend, so I'm going to order that you surrender yourself to the custody of the Sheriff at 6:00 p.m., Sunday April 20th, and you may remain free on present bond until 6:00 p.m., Sunday, April 20th,

at which time you're to surrender yourself to the Sheriff of this County.

Movant thereby agreed to his release, subject to the condition that if he got into any trouble or failed to surrender himself to the Sheriff's custody as ordered, the § 559.115 provision of his sentence would be withdrawn, and he would be sentenced to four six-year sentences to run concurrently.

Movant failed to appear as ordered on April 20, 1997. On April 24, 1997, the court deleted that portion of the judgment and sentence pertaining to § 559.115 and ordered a warrant issued for Movant's arrest. Movant was arrested and delivered to the custody of the Department of Corrections that same day. Within a few days, he received written notice that the § 559.115 provision of his sentence had been revoked.

Movant filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. In his amended motion, Movant alleged, among other things, that he was prejudiced because he did not receive the sentence which was indicated in his plea bargain and which was originally imposed by the trial court, in that the possibility of release pursuant to § 559.115 was removed, and it was done without bringing him back before the court. As justification for his failure to appear as ordered by the trial court, he alleged that he had received conflicting information from his trial counsel about when he was required to appear.

At the evidentiary hearing on his motion, Movant testified that he was fully aware that, according to the judge's orders, he was to report to the Sheriff on April 20, 1997, and if he failed to do so, the judge would remove the § 559.115 provision from his sentence. He also testified, however, that he received a letter from Chris Wilson, his former attorney,[2] telling him that he was to surrender himself on April 17, 1997 at 6:00 p.m. He knew, however, that he was not supposed to turn himself in until April 20th, so he called

---

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1998), unless otherwise stated.

2. Movant was represented on these charges by both Chris Wilson and Catherine Rice. Both Mr. Wilson and Ms. Rice serve as public defenders.

Apparently Mr. Wilson had been corresponding with and representing Movant with regard to the charges involved in this case. On the day of the plea, however, Ms. Rice was in court representing Movant.

Mr. Wilson, told him that April 17 was the wrong date, and asked him to do something about it. He further testified that shortly after he talked with Mr. Wilson, his parents took a message from Mr. Wilson stating that Movant was not supposed to report to the jail until April 27, 1997. Therefore, Movant was going to turn himself in on April 27th, but he was picked up on the warrant on April 24th.

The court denied Movant's motion. In its findings of fact and conclusions of law, the motion court stated:

> [M]ovant was warned during the plea proceeding that if he did not surrender to the sheriff on April 20, 1997, the court would delete the Section 559.115 provision. Movant acknowledged at the motion hearing that he did not surrender on that date. His claims about the changes of dates are not persuasive, and were not proved by a preponderance of the evidence. This court finds that it was not necessary for the sentencing court to hold a hearing before deleting the 120–day callback provision. Movant was not prejudiced by the lack of a hearing because he admits that he did not comply with the proviso that was clearly stated to him in the plea proceeding.

In his sole point relied on, Movant contends that the motion court erred in denying his Rule 24.035 motion because Movant "pleaded and proved that he had been wrongfully denied the benefit of his plea bargain without an opportunity to be heard, in that the 120–day shock probation in the plea agreement was taken away from him because he failed to appear, despite the fact that his failure was due to his counsel's erroneous advice and through no fault of his own." Albeit unclear from his point relied on, it appears that Movant's fundamental complaint is that he did not receive an opportunity to be heard before the sentencing court deleted the § 559.115 provision from his sentence. Although he admits that he was fully aware that the initial agreement was for him to report on April 20, 1997, or have the § 559.115 provision deleted, he argues that the deletion of that provision was "arbitrary" because it was done without him first having an opportunity to explain his failure to report. In his brief, Movant states,

"Although [Movant] had no absolute right to release under § 559.115[sic], he did have the right to expect consideration of such release and not have it arbitrarily taken from him when he relied in good faith on his attorney's representations."

Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–96. The motion court is not required to believe the testimony of a movant and an appellate court must defer to the motion court's determination of credibility. *State v. Dunmore*, 822 S.W.2d 509, 512 (Mo. App. W.D.1991).

Movant cites the following four cases in support of his proposition: *State v. Bonds*, 521 S.W.2d 18, 21 (Mo.App.St.L.1975); *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978); *Brunelle v. United States*, 864 F.2d 64 (8th Cir.1988); and *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Two of these cases involved situations where the trial court did not follow the plea agreements in imposing the actual sentences upon defendants, and the other two cases concerned prosecutors' failures to keep their commitments with regard to plea agreements. In the instant case, however, the court followed the recommendation of the State in imposing the original sentence. Likewise, the State did not fail to keep its plea agreement commitments. Rather, Movant failed to abide by an agreement that he made with the trial court. For this reason, we find the above mentioned cases to be distinguishable and thus inapplicable to the case at hand.

In *Finley v. State*, 891 S.W.2d 507 (Mo. App. E.D.1994), the defendant entered a guilty plea to a charge of possession of cocaine. At the plea hearing, the defendant requested a pre-sentence investigation, and the judge advised him that if he failed to appear on the day set for sentencing, the

judge would not consider himself bound by the State's five-year recommendation and might sentence him as a prior offender to as much as twenty years. The defendant failed to appear on the ordered date and a warrant for his arrest was issued. The defendant was surrendered by his bondsman and appeared before the court. He acknowledged that he knew his failure to appear would result in an enhanced sentence, but that his heroin addiction caused his failure to appear. The court sentenced him to ten years in prison. The defendant filed a Rule 24.035 motion, contending that the trial court erred in sentencing him to a more severe punishment than he had bargained for in plea negotiations and in failing to give him an opportunity to withdraw his plea. The appellate court affirmed the denial of the Rule 24.035 motion, stating that the "[defendant] was given the option of accepting or rejecting the condition imposed for delay [of sentencing] and was warned of the consequences of failing to live up to his agreement [to appear before the court for sentencing on the ordered date]. There is no injustice in imposing the promised consequences after his undisputed misconduct." *Id.* at 508–09.

Similarly, in *State v. Weatherford,* 631 S.W.2d 668 (Mo.App. E.D.1982), the defendant entered a plea of guilty on charges to which the trial court agreed she would be sentenced to two concurrent one-year jail sentences. These sentences, however, were expressly conditioned on her promise to return to court for sentencing on a specified date. The defendant failed to appear on that day. She was later arrested and returned to court. She contended that she was unable to report for sentencing because her mother was seriously ill. Despite such contention, the trial court sentenced the defendant to two concurrent seven-year prison terms. *Id.* at 669; *See also Brown v. State,* 607 S.W.2d 801 (Mo.App. W.D.1980).

After reviewing the record, we are unable to conclude that the motion court erred in denying Movant's Rule 24.035 motion. While it is true that Movant was not brought back before the court prior to the elimination of the § 559.115 provision from his sentence, it is significant that this was the result that Movant agreed to upon his release in the event he failed to appear as ordered. We gather from Movant's brief that he believes that if he had been given the opportunity to explain his actions before the amended sentence was entered, the result would have been different. Significantly, however, the motion court found Movant's claims regarding the changes of dates to be unpersuasive. He was unable to produce the letter his attorney allegedly wrote him, and he did not call Mr. Wilson or his mother to testify to the alleged events. As previously stated, the motion court is not required to believe the testimony of a movant, and we defer to the motion court's determination of credibility. *Dunmore,* 822 S.W.2d at 512.

Movant chose to be released, and he did so subject to the condition that the § 559.115 provision would be removed from his sentence if he failed to report to the Sheriff by 6:00 p.m. on April 20, 1997. In taking away that provision after Movant failed to appear, the court was enforcing an agreement that Movant voluntarily made. Nothing in the record leaves this Court with the definite and firm impression that a mistake has been made.

Judgment of the motion court is affirmed.

MONTGOMERY, J., and BARNEY, J., concur.