Larry ALLEN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27699.

Missouri Court of Appeals,
Southern District,
Division Two.

April 5, 2007.

Gwenda R. Robinson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Larry Allen ("Movant") appeals from the denial of his Rule 24.035 [1] motion to vacate his sentence upon a guilty plea. He contends the motion court clearly erred in denying his motion, because the sentencing court (1) exceeded its jurisdiction in rescinding its order for a 120–day progress report; and (2) violated Rule 24.02(d)(4) by not allowing Movant to withdraw his guilty plea. Movant also maintains that the motion court clearly erred in its determination that the escape rule applied to bar his

motion for post-conviction relief. We reverse and remand.

Movant was charged with the class D felony of driving while intoxicated, a violation of Section 577.010.[2] On July 1, 2003, he appeared before the sentencing court and agreed to plead guilty in exchange for the State's recommendation that he receive a five-year sentence and be released on probation within 120–days of incarceration upon his successful completion of an institutional treatment program, pursuant to Section 559.115. Before accepting Movant's plea and imposing sentence, the sentencing court explained:

> [I]n the state of Missouri we've got these 120–day programs. We've got Institutional Treatment for alcohol and drugs. And, I want you to understand that your release within 120–days, will be conditioned upon two things. One, that you successfully complete the Institutional Treatment Program that you're gonna be placed into, and, if this Court received a favorable recommendation for your release from the Department of Corrections [ (the "DOC") ].

Movant stated that he understood his situation and the State's recommendation.

Ultimately, the sentencing court accepted Movant's guilty plea, finding that it was "made freely and voluntarily and with a full understanding of the rights and consequences of that plea." Movant was sentenced to five years in the DOC, but was to be released on probation upon the successful completion of the institutional treatment program, and the sentencing court's receipt of a favorable report from the DOC. Movant was permitted to remain free on the condition that he obey the law, and that he appear in court on July 15,

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2005).

2. All references to Section 559.115 are to RSMo Supp. (2003). All other statutory references are to RSMo (2000).

2003, at which time he would be given instructions on when he was to begin serving his sentence.

Movant appeared on July 16, 2003, because the hearing had been rescheduled by one day, and was once again released on his own recognizance with the order that he report to the Pemiscot County Jail at 5:00 p.m. on September 18, 2003, for transportation to the DOC treatment program. Movant failed to appear as directed and a warrant was issued for his arrest.

Movant was arrested almost a year later on September 14, 2004. He appeared in court on September 21, 2004, at which time the sentencing court asked Movant why he failed to appear on September 18, 2003, as ordered, to which Movant responded that he "really couldn't give a good excuse, [he] just wasn't ready." The sentencing court rescinded its sentence and judgment as to the 120–day release, pursuant to Section 559.115, and imposed the five-year sentence to the DOC.

On February 23, 2005, Movant filed a pro se motion to vacate, set aside or correct the judgment and sentence, pursuant to Rule 24.035, which was later amended by appointed counsel. Without holding an evidentiary hearing, the motion court entered its judgment and findings of fact and conclusions of law overruling Movant's motion on the ground that the escape rule barred his claim for post-conviction relief. The motion court also found that even if the escape rule did not apply, Movant's claims were without merit because Movant breached the plea agreement by failing to appear as ordered, and that he was not prejudiced as he would not have been released on probation because he did not complete the 120–day release program. This appeal followed.

■ Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k). The motion court clearly errs when a review of the entire record leaves this Court with the definite and firm impression that a mistake has been made. *Norfolk v. State,* 200 S.W.3d 36, 38 (Mo.App. W.D.2006). A motion court can deny a Rule 24.035 motion without an evidentiary hearing when "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Rule 24.035(h). "In order to avoid this fate a [m]ovant's motion must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the [m]ovant." *Fisher v. State,* 192 S.W.3d 551, 554 (Mo. App. S.D.2006).

■ Before we address Movant's two points on appeal, we must first determine whether the "escape rule" operates to bar Movant's motion for post-conviction relief. "The 'escape rule' generally denies the right of appeal to a defendant who attempts to escape justice by absconding." *Echols v. State,* 168 S.W.3d 448, 451 (Mo. App. W.D.2005). The rule may also be used to deny post-conviction relief. *Id.* Whether or not the escape rule should be applied depends on whether the escape adversely affects the criminal justice system. *Smith v. State,* 173 S.W.3d 928, 930 (Mo.App. S.D.2005).

In ruling that the "escape rule" applied in the present case, the motion court found that "[M]ovant's absence for nearly one year flouted the authority of the court, and it adversely affected the criminal justice system in a number of ways." However, the motion court explained that even if Movant's claims were not dismissed under

the escape rule, "they would be overruled as being without merit."

■ Here, Movant's claims relate to actions taken by the sentencing court after he was returned to custody. The escape rule does not apply to allegations of post-capture error. *See Robinson v. State*, 854 S.W.2d 393 (Mo. banc 1993). "Escape and recapture do not have any effect on the way sentencing is to be carried out after [a] defendant is returned to custody." *Id.* at 396. Because Movant's Rule 24.035 motion alleges that errors occurred after Movant was returned to custody, the escape rule does not apply.

■ We now turn to Movant's points on appeal. In his first point, Movant alleges that the motion court clearly erred in denying his motion for post-conviction relief on the ground that "[t]he [sentencing] court exceeded its jurisdiction by rescinding its order for a [Section] 559.115, 120–day progress report because the sentence and judgment, referencing the possibility of release on probation under [Section] 559.115, was final on July 1, 2003, and the [sentencing] court could not modify its sentence and judgment over a year later on September 21, 2004." We agree.

Rule 24.035 sets forth the claims by which a movant may seek relief following a plea of guilty. *West v. State*, 159 S.W.3d 847, 852 (Mo.App. S.D.2005). These claims are, "ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law." Rule 24.035(a).

■ The trial court exhausts its jurisdiction once judgment and sentencing occur in a criminal proceeding, and can take no further action unless otherwise expressly provided by statute or rule. *State ex rel. Mertens v. Brown*, 198 S.W.3d

616, 618 (Mo. banc 2006). Any subsequent proceedings by the trial court not authorized by statute or rule will be considered a nullity. *State ex rel. Johnston v. Berkemeyer*, 165 S.W.3d 222, 224 (Mo.App. E.D. 2005).

■ Here, Movant was originally sentenced pursuant to Section 559.115. That statute provides, in relevant part, that, "a circuit court … shall have the power to grant probation to an offender anytime up to one hundred twenty days after such offender has been delivered to the [DOC.]" Section 559.115.2. We also note that, "[t]he rule, with reference to loss of jurisdiction after entry of judgment, merely bars the court's right to alter or change its judgment, but does not preclude enforcement of the judgment as entered." *Duly v. Heflin*, 873 S.W.2d 932, 934 (Mo.App. W.D.1994).

Here, when Movant appeared on September 21, 2004, he had already been sentenced, but he had not yet been delivered to the DOC. Therefore, the sentencing court only had jurisdiction to enforce its earlier sentence and judgment, and was not authorized by statute to take any other action. The sentencing court exceeded its jurisdiction in rescinding its order regarding Movant's eligibility for parole pursuant to Section 559.115, and, therefore, the rescission order must be considered a nullity. *Berkemeyer*, 165 S.W.3d at 224.

The State argues that the sentencing court's "rescission was without any practical effect and was simply written recognition of the fact that [Movant] had already chosen not to participate in the treatment program that the court had previously arranged for him." The State further argues that "[t]hat part of the sentencing order providing for [Movant's] placement into an institutional treatment program simply expired after [Movant] absconded

and failed to report for his bed date." Finally, the State asserts that, "[t]he sentencing court's rescission ... relieves [the] DOC and the court from performing the meaningless act of preparing and reviewing a progress report for a defendant who did not participate in the treatment program." The assertions by the State are without merit, as they are not supported by the record before this Court.

There is nothing in the record indicating that as part of the plea agreement, Movant's eligibility for placement in the institutional treatment program would expire on a certain date, or that by absconding, Movant waived his right to participation in the program. Furthermore, the State provides no authority for its argument, that by failing to report for his "bed date," Movant was no longer entitled to the sentence that had already been imposed. In fact, there is authority that requires the opposite conclusion.

In *President v. State*, 925 S.W.2d 866, 867 (Mo.App. W.D.1996), the defendant pleaded guilty in exchange for the dismissal of other charges and the State's recommendation that he serve three concurrent terms of five years imprisonment. The court accepted the defendant's plea, but deferred sentencing at the defendant's request. *Id.* The court then warned the defendant that if he failed to appear for sentencing, the court would reject the plea agreement. *Id.* The defendant failed to appear for sentencing, and was apprehended three months later. *Id.* At the sentencing hearing, the court rejected the plea agreement and sentenced the defendant to three concurrent terms of ten years imprisonment. *Id.* On appeal, the western district of this Court noted that, "the record ... fails to show that the defendant's timely appearance at sentencing was part of the plea agreement." *Id.* at 870, 871. The Court explained:

When the defendant here told the court that he wanted it to accept the plea bargain the only terms that had been discussed were the dismissal of the armed criminal action charges and the concurrent terms of five years imprisonment. The defendant entered his guilty plea based upon these terms. No condition of a timely appearance on the sentencing date was mentioned before the plea was entered. To make a defendant's timely appearance at sentencing part of the plea bargain, the court must clearly explain this condition to the defendant before ensuring that the plea is voluntary and accepting the defendant's guilty plea.

*Id.* at 871.

The Court in *President* stated that "[w]hen the [sentencing] court rejected the plea agreement at the sentencing hearing it was required to give the defendant the opportunity to withdraw his guilty plea." *Id.* at 872 (citing Rule 24.02(d)(4)). The Court then remanded the case for that purpose. *Id.*

Similarly, in *Boyd v. State*, 10 S.W.3d 597, 599 (Mo.App. E.D.2000), sentencing was deferred, after the defendant had pleaded guilty pursuant to a plea bargain. The defendant failed to appear for sentencing, but was eventually taken into custody and brought before the sentencing court. *Id.* At that time, the defendant was chastised for his failure to appear, and he received a sentence that was not in accordance with the plea agreement. *Id.* On appeal, the eastern district of this Court explained:

It is also true that both the [sentencing] court and the prosecutor warned [the defendant] of the consequences if he failed to appear. However, these consequences were only discussed with [the defendant] *after* the court accepted his plea. A trial court or the prosecutor

certainly may impose such conditions as part of the plea bargain as a condition of accepting the plea. However, once the plea has been accepted, such conditions may not be imposed without giving the defendant an opportunity to withdraw his plea.

*Id.* at 600 (emphasis in original)(internal citations omitted).

The Court reversed and remanded the case, instructing that "[u]pon remand, the trial court may either accept the plea agreement and sentence [the defendant] in accordance with the State's recommendation of seven years or it may reject the agreement and offer [the defendant] an opportunity to withdraw his plea[.]" *Id.* at 600–01.

The sentencing courts in *President* and *Boyd* were not found to have exceeded their jurisdiction, because sentencing had not occurred at the time the plea agreements were rejected in those cases. Nevertheless, those cases are instructive, in that, they stand for the proposition that a sentencing court may not reject a plea agreement when a defendant fails to appear for a hearing, unless the defendant's timely appearance at sentencing was made part of the plea agreement.

In the present case, there is nothing in the record before this Court indicating that Movant's appearance on September 18, 2003, was made a condition of the plea agreement. As previously stated, "[t]o make a defendant's timely appearance at sentencing part of the plea bargain, the court must clearly explain this condition to the defendant before ensuring that the plea is voluntary and accepting the defendant's guilty plea." *President*, 925 S.W.2d at 871. We see no reason why this rule should not apply to a defendant's appearance for delivery to the DOC. Because Movant's appearance on September 18, 2003, was not made a condition of the plea

agreement, and because Movant's sentence had already been imposed, the sentencing court was without jurisdiction to amend its earlier judgment and sentence.

In reaching our holding, we do not ignore our decision in *Cupp v. State*, 982 S.W.2d 304 (Mo.App. S.D.1998). In that case, in accordance with a plea agreement, the defendant was sentenced pursuant to Section 559.115, and, like the present case, it was decided that he was to be released pending his delivery to the institutional treatment program. *Id.* at 305. However, in *Cupp*, the defendant agreed that his release was subject to the condition that if he failed to appear as ordered, the Section 559.115 provision of his sentence would be withdrawn. *Id.* When the defendant failed to appear for delivery to the DOC, the sentencing court deleted the portion of the judgment and sentence pertaining to Section 559.115. *Id.*

In affirming the denial of the defendant's Rule 24.035 motion, we explained that "[the defendant] chose to be released, and he did so subject to the condition that the [Section] 559.115 provision would be removed from his sentence if he failed to report [as ordered]. In taking away that provision after [the defendant] failed to appear, the court was enforcing an agreement that [the defendant] voluntarily made." *Id.* at 307.

*Cupp* is distinguishable, in that, the record in the present case does not reflect that Movant agreed that his release was subject to the condition that the Section 559.115 provision would be removed from his sentence if he failed to appear on September 18, 2003. For the aforementioned reasons, we find that the sentencing court exceeded its jurisdiction in amending its earlier sentence and judgment. Therefore, such actions are a nullity, and Movant's July 1, 2003, sentence remains in

effect. *Berkemeyer,* 165 S.W.3d at 224. This point is sustained.

Because we have determined the sentencing court's actions are a nullity, we need not address Movant's second point, which maintains he should have been given the opportunity to withdraw his guilty plea pursuant to Rule 24.02(d)(4).

We reverse and remand this case for further proceedings consistent with this opinion.

BATES, C.J., and BARNEY, J., concur.