

# Missouri Court of Appeals

### Southern District

### Division Two

JOHN R. THOMAS,                                )
                                               )
        Appellant,                           )
                                               )
  vs.                                        )  No. SD35994
                                               )
STATE OF MISSOURI,                             )  FILED: March 16, 2020
                                               )
        Respondent.                          )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable W. Keith Currie, Judge

## AFFIRMED

Per a plea agreement, John Thomas was sentenced to prison with the court retaining § 559.115 callback authority.[1]  Having already been in jail for some time, Thomas asked the court for a "brief furlough" before his imprisonment, which the court granted after securing Thomas's agreement to certain conditions and to losing the callback option if he violated them, which he did.  After the court withdrew the § 559.115 option and Thomas reached prison, he filed an unsuccessful Rule 24.035 challenge to the callback rescission, and now appeals.

## Background

Thomas's furlough conditions included no illegal drug use and that he turn himself in ten days later (October 26, 2017).  After Thomas acknowledged these on the record, the court continued:

---

[1] Statutory citations are to RSMo 2017; rule references are to Missouri Court Rules (2017).

THE COURT: Well, I want to explain something to you. If you were to violate those conditions, any of those conditions, or if you failed to turn yourself in to the custody of the sheriff on October 26th, this 120 days would be withdrawn, you'd be going to the Department of Corrections on a 10-year sentence and it would be up to the parole board to determine when to release you; do you understand that?

[THOMAS]: Yes, sir.

THE COURT: So the 120-day consideration would be completely withdrawn from this sentence and judgement today and it would be up to the parole board as to when you would be released on a 10-year sentence. Now, do you understand those conditions?

[THOMAS]: Yes.

THE COURT: And, do you understand the possibility and what will happen if you were to violate those conditions?

[THOMAS]: Yes, Your Honor.

THE COURT: That being said, I'll allow Mr. Thomas to be released without objection from the state. He's to turn himself in to the custody of the sheriff on Thursday, October 26th, by 5 p.m. for transport the next morning.

Thomas did not turn himself in. Arrested in November on a capias warrant, Thomas was brought to court and admitted he "got strung out on meth." The court withdrew the § 559.115 callback option before Thomas went to prison:

The Court finds that Mr. Thomas violated the conditions of his furlough that were afforded him on October 16th, of 2017 in that by his own admissions, he used controlled substances, more particularly methamphetamine, while on furlough. That he failed to turn himself into the custody of the sheriff by 5 p.m. on October 26th for transport. Those were specific conditions upon him being considered for 120-day release pursuant to Chapter 559 of the Revised Statutes of Missouri, and the Court -- and the Court having found that Mr. Thomas violated the conditions of his furlough does hereby withdraw and rescind any consideration for sentencing pursuant to Chapter 559.115.

Thomas's amended Rule 24.035 motion raised three challenges to this rescission of the 120-day-callback option. The motion court rejected all three, and Thomas reasserts all three in this court, so for brevity's sake we move straight to

2

the points on appeal.[2]  To prevail here, Thomas must show the motion court clearly erred in denying relief.  Rule 24.035(k).

## Point 1/Claim 8(a) – Jurisdiction

Thomas first claims the plea court "exceeded its jurisdiction" in rescinding the § 559.115 option.  In finding otherwise, the motion court accurately analogized *Cupp v. State*, 982 S.W.2d 304 (Mo.App. 1998), as follows:

> In *Cupp*, the Defendant was sentenced, in accordance with a plea agreement, pursuant to § 559.115, and, like the present case, it was decided that he was to be released pending his delivery to the institutional treatment program.  However, in *Cupp*, the Defendant agreed that his release was subject to the condition that if he failed to appear as ordered, the § 559.115 provision of his sentence would be withdrawn.  When Defendant failed to appear for delivery to the DOC, the sentencing court deleted the portion of the sentence and judgment pertaining to § 559.115.

> In affirming the denial of the Defendant's Rule 24.035 motion, the Southern District said:

> **"Movant chose to be released, and he did so subject to the condition that the § 559.115 provision would be removed from his sentence if he failed to report to the Sheriff by 6 p.m. on April 20, 1997.  In taking away that provision after Movant failed to appear, the court was enforcing an agreement that Movant voluntarily made".**  *Id* at 307.

The motion court observed that Thomas likewise "was warned during the plea proceeding that if he did not surrender himself to the sheriff on October 26, 2017 that his 120-day treatment would be withdrawn and he would receive a straight sentence."  Therefore, as in *Cupp*, Thomas "was given the option of accepting or rejecting the conditions imposed for the furlough and was warned of the consequences of failing to live up to his agreement with the sentencing Judge," who "did not violate [Thomas's] right by holding him to his agreement."

---

[2] We have reviewed the record to confirm timeliness of Thomas's pro se and amended Rule 24.035 motions.  All of Thomas's points on appeal violate Rule 84.04(d)(1), but we discern the complaints sufficiently to review them in our discretion.

Thomas claims clear error on appeal, citing *Allen v. State*, 219 S.W.3d 273 (Mo.App. 2007), which reversed a plea court for rescinding a § 559.115 sentencing option after the defendant failed to return as scheduled for transport to prison.[3] Yet Thomas overlooks *Allen*'s observation of its critical difference from *Cupp*:

> However, in *Cupp,* the defendant agreed that his release was subject to the condition that if he failed to appear as ordered, the Section 559.115 provision of his sentence would be withdrawn.
>
> * * *
>
> *Cupp* is distinguishable, in that, the record in the present case does not reflect that Movant agreed that his release was subject to the condition that the Section 559.115 provision would be removed from his sentence if he failed to appear on September 18, 2003.

*Allen,* 219 S.W.3d at 279. Plainly *Cupp*, not *Allen*, controls here. Cases to similar effect include *Finley v. State*, 891 S.W.2d 507, 508-09 (Mo.App. 1994); *Harris v. State*, 766 S.W.2d 460, 463 (Mo.App. 1989); *State v. Weatherford*, 631 S.W.2d 668, 669 (Mo.App. 1982); and *Brown v. State*, 607 S.W.2d 801, 805 (Mo.App. 1980).[4] Point denied.

## Point 2/Claim 8(b) – Right to Withdraw Plea

Thomas next alleges that the plea court violated Rule 24.02 by not offering to let him withdraw his guilty plea before the court rescinded the § 559.115 option. The motion court followed *Finley*, which rejected a similar claim under comparable circumstances, in denying this claim.

We find no clear error. As *Finley* notes, *id.*, our courts consistently have reached similar conclusions under similar facts. *See Harris*, 766 S.W.2d at 463; *Weatherford*, 631 S.W.2d at 669; *Brown*, 607 S.W.2d at 805. Point 2 fails.

---

[3] Thomas's no-jurisdiction theory cites *Allen*'s use of terminology then in vogue – a trial court "exhausts its jurisdiction" after criminal sentencing unless otherwise provided by law, with subsequent action not so authorized "considered a nullity." *Id.* at 277 (citations omitted). Such principles no longer are deemed jurisdictional "following the clarification of authority and jurisdiction set forth in *Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009)...." *Newton v. Missouri Dep't of Corr.*, 572 S.W.3d 531, 540 n.8 (Mo.App. 2019).

[4] The U.S. Supreme Court vacated *Brown* twice on an unrelated double-jeopardy issue. *See Missouri v. Brown*, 450 U.S. 1027 (1981), *reexamined Brown v. State*, 619 S.W.2d 68 (Mo. banc 1981), *judgment vacated Missouri v. Haggard*, 459 U.S. 1192 (1983).

## Point 3/Claim 8(c) – Right to Counsel

Thomas, who appeared without counsel when the 120-day-callback option was rescinded, claims the plea court erred in not first appointing him a lawyer.

Again the motion court cited ***Cupp*** in denying this claim, noting that Cupp's core complaint was that the court deleted his § 559.115 provision without a hearing. 982 S.W.2d at 306. ***Cupp***'s motion court found no prejudice because Cupp admitted having violated clearly-stated conditions, so the plea court needed no hearing to rescind the callback option. ***Id***. We affirmed. "While it is true that Movant was not brought back before the court prior to the elimination of the § 559.115 provision from his sentence, it is significant that this was the result that Movant agreed to upon his release in the event he failed to appear as ordered." ***Id***. at 307.

Here, the motion court similarly reasoned that Thomas

> was not prejudiced by the lack of counsel standing at his side during the November 14, 2017 hearing, because he admitted that he understood the conditions of his furlough, he acknowledged that his receiving the 120-day treatment program was contingent upon him complying with those conditions, and he admitted to knowingly and willfully violating two of the three furlough conditions. According to the Southern District in *Cupp*, Movant's appearance on November 14, 2017 was unnecessary and the sentencing court could have enforced the furlough agreement in Movant's absence. Therefore, the hearing on November 14, 2017 was not a critical stage of the criminal process.

Thomas's response on appeal is that ***Allen*** fits this case better than does ***Cupp***. Having showed otherwise under Point 1, we also deny Point 3.

## Conclusion

Thomas already was on felony probation, having been given a break, when he committed a second serious felony. The prosecutor "graciously offered a second chance via the 120 release," to quote Thomas's own lawyer. The plea court accepted the deal and sentenced Thomas accordingly.

Thomas then asked for yet a third break beyond the original terms – to be released without bond for ten days. Before committing, the court proposed clear conditions to help Thomas stay out of trouble (no intoxicants, no illegal drugs) and

5

incent him to timely return (§ 559.115 option rescinded if not). Thomas, with his lawyer present, agreed and got his requested third break.

He then violated the no-drug condition, followed by the condition to timely return. In fact, he never voluntarily returned. Eventually arrested and brought to court, Thomas acknowledged his prior agreements and release conditions and that he violated them.

Of all the cases we have cited supporting the plea court's response, ***Finley,*** 891 S.W.2d at 509, says it shortest and best: Thomas "was given the option of accepting or rejecting the condition imposed for delay and was warned of the consequences of failing to live up to his agreement. There is no injustice in imposing the promised consequences after his undisputed misconduct." We affirm the judgment denying Rule 24.035 relief.


DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
DON E. BURRELL, J. – CONCURS