Phillip A. GREEN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 23665.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Phillip A. Green ("Movant") appeals from the denial of his Rule 24.035[1] motion following an evidentiary hearing. On appeal, he contends that the trial court clearly erred in unilaterally modifying his sentence to remove any reference to Section 559.115.

On June 9, 1999, Movant pled guilty to one count of possession of a controlled substance with the intent to distribute in violation of Section 195.211, RSMo 1994. At the guilty plea hearing, the trial court accepted Movant's plea, finding that it was made knowingly, voluntarily, and intelligently. The State recommended that Movant be sentenced to ten years imprisonment, subject to the callback provisions of Section 559.115,[2] and with a recommendation that he be placed in a substance treatment program. The trial court sentenced Movant in accordance with the State's recommendation, at which time the following colloquy occurred:

THE COURT: ... Now, [Movant], as [your attorney] has told you, what I've done is sentence you to prison for ten years. However, I've asked that you be placed at a substance treatment program that's about 90 days in length and takes about 30 days to get to from the time you leave here. And I'll tell you today if you go to that program and graduate from it and do well in it, on your graduation day I'll make an order, release you from custody, and place you on probation on a number of conditions. Whereas, if you didn't succeed in the program, I wouldn't do that. Do you understand?

[MOVANT]: Yes, sir.

\* \* \* \* \* \*

THE COURT: ... If you were to fail to appear when you're supposed to or if [your attorney] were not able to get hold of you when he was trying to or if you were to get kidnapped and held against your will by somebody and unable to surrender or if you get arrested or charged with any new offense, if any of those things happened, I would take back the treatment center part of this and change this to a straight ten-year sentence. Do you understand that?

[MOVANT]: Yes, sir.

THE COURT: And on that basis and with that understanding, do you wish to remain free until you're transported?

[MOVANT]: Yes, sir.

---

1. All rule references are to Missouri Rules of Criminal Procedure (2000), and all statutory references are to RSMo Cum.Supp.1999, unless otherwise indicated.

2. Section 559.115.2 provides:
   A circuit court only upon its own motion and not that of the state or the defendant shall have the power to grant probation to a defendant anytime up to one hundred twenty days after such defendant has been delivered to the custody of the department of corrections but not thereafter. The court may request information and a recommendation from the department concerning the defendant and such defendant's behavior during the period of incarceration. Except as provided in this section, the court may place the defendant on probation in a program created pursuant to section 217.777, RSMo, or may place the defendant on probation with any other conditions authorized by law.

Movant thereby agreed to his release, subject to the condition that if he failed to surrender himself into custody as ordered, the Section 559.115 provision of his sentence would be withdrawn, and he would be sentenced to ten years imprisonment. The trial court then ordered that Movant be released from custody to reside with his brother in Malden, Missouri pending transport to the substance treatment center. The trial court also noted that the Board of Probation and Parole (the "Board") would set a date when Movant should return to custody, and that the Board would "give it to the Sheriff and [Movant's attorney], and [Movant's attorney] w[ould] confer with the Sheriff as to when he want[ed] Movant and then notify [Movant] when to turn in."

On June 22, 1999, the trial court deleted the portion of the judgment and sentence pertaining to Section 559.115, and ordered Movant to serve a straight ten-year sentence. Movant was arrested in Franklin County, Texas on July 21, 1999, and he waived extradition to Missouri on July 23, 1999. On July 27, 1999, Movant was delivered to the Missouri Department of Corrections.

Movant filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035, and on December 16, 1999, Movant's counsel filed an amended motion. An evidentiary hearing was held on March 31, 2000. At that hearing, Movant's plea attorney testified that he was never informed of a prospective report date for Movant. He stated that he was not aware of any directive for Movant to return and that he never communicated any return date to Movant. Two probation and parole officers also testified that they had no notes indicating that Movant's attorney was notified of the date that Movant was to report. They indicated, however, that a bed date of August 29, 1999 was set for Movant to enter the substance treatment center. They noted that typically, the sheriff's department would set a report date, which would be roughly thirty days

prior to the bed date, and it would notify the parties. The probation officers did not testify as to the exact date when Movant was supposed to report. In addition, Movant testified that he was never notified by his attorney or anyone else as to the date when he was to report. Movant stated that he had resided with his brother in Malden, Missouri during his release, and that he was hitchhiking back to Missouri from a one-day trip to Texas when he was arrested on July 21, 1999. Movant testified that had he been informed of a report date, he would have shown up.

On April 11, 2000, the motion court entered its findings of fact and conclusions of law denying Movant's motion for post-conviction relief. In its findings of fact and conclusions of law, the motion court stated:

The court finds from his own testimony that [M]ovant did not comply with the terms and conditions of his release from custody. The court was justified in deleting the provision in the judgment and sentence as to a callback under Section 559.115. Movant was not prejudiced by the lack of a hearing before the sentencing court because his admissions at the evidentiary hearing show that he did not comply with the terms and conditions of his release. He did not prove by a preponderance of the evidence that he is entitled to relief. (citation omitted.)

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995).

■ In his sole point on appeal, Movant argues that the trial court clearly erred in modifying his sentence to remove any ref-

erence to Section 559.115 without giving him notice and an opportunity to respond, and that he should have been permitted to withdraw his plea of guilty once the trial court modified his sentence.

In its brief, the State relies on *Finley v. State*, 891 S.W.2d 507 (Mo.App. E.D.1994), to support its contention that the trial court in modifying Movant's sentence was "simply enforc[ing] the plea bargain between [Movant] and the State, and when [Movant] failed to fulfill a term of his bargain, the [trial] court imposed the agreed upon consequences."

In *Finley*, the defendant, who failed to appear on the date set for sentencing, argued that the trial court erred in sentencing him to a more severe punishment than he had bargained for in plea negotiations and in failing to give him an opportunity to withdraw his plea. *Id.* at 508. The appellate court affirmed the denial of the Rule 24.035 motion, noting that the defendant was given "an option of accepting the condition or standing by the plea bargain without delay, and [the defendant] chose to accept the condition and risk enhancement of the sentence. [The defendant] made the agreement; it is only reasonable to hold him to his bargain.... There is no injustice in imposing the promised consequences after his undisputed misconduct." *Id.* at 508–09.

The State's reliance on *Finley*, however, is misplaced. In the instant case, unlike in *Finley*, there was no evidence presented as to the date upon which Movant was to return to custody. Additionally, if a date was set for Movant's return, there is no evidence in the record that Movant or his counsel was informed of that date. At sentencing, the trial court informed Movant that the sheriff would confer with Mov-

ant's attorney prior to the date he was to report. However, there is no indication in the record that such a communication ever occurred prior to the June 22, 1999 amendment to Movant's sentence, which deleted the Section 559.115 provision.[3]

Nevertheless, the State argues that "[a]lthough it is not clear from the record on what date [Movant] failed to return to custody and surrender as directed, it can be inferred from the [trial] court's actions in deleting the drug treatment program and the court's reasons for deleting the program that [Movant] did in fact fail to appear or return to custody," and that the trial court's modification of Movant's sentence was justified on the basis that Movant failed to "fulfill a term of his bargain" in that he did not reside with his brother in Malden, Missouri, as directed by the trial court. The trial court, however, informed Movant that it would "take back the treatment center part of th[e] [sentence] and change [it] to a straight ten-year sentence" if he failed to surrender himself into custody as ordered. There is no evidence in the record that the failure to reside with his brother was a condition upon which the Section 559.115 provision of his sentence would be withdrawn. Additionally, even if Movant's failure to reside with his brother was such a condition, there is no indication in the record that as of June 22, 1999, when the trial court amended its judgment, Movant had failed to abide by that condition. There is no evidence in the record that Movant was not residing with his brother in Malden, Missouri from the time of his release until June 22, 1999.

■ The trial court clearly erred in modifying Movant's sentence to remove any reference to Section 559.115.[4] The

---

3. The docket entry reads: "[Movant] having failed to return to custody and surrender as directed, by earlier agreement with [Movant], the [c]ourt now deletes that portion of its judgment and sentence of June 9, 1999, sentencing [Movant] pursuant to RSMo 559.115."

4. It is noted, however, that Section 559.115.2 does not grant a defendant a right to request or otherwise cause a trial court to consider granting probation within 120-days after the defendant's delivery to the custody of the department of corrections. Section 559.115.2 clearly states that a circuit court shall have

judgment of the motion court denying Movant's Rule 24.035 motion, therefore, must be reversed. This case is remanded with directions to give Movant the opportunity to withdraw his plea of guilty.

CROW, J., and BARNEY, C.J., concur.

the right to grant probation as provided therein "only upon its own motion and not that of the state or the defendant." The sentencing judge in the underlying criminal case to which this post-conviction proceeding was directed was not required to include any reference to the 120–day call back statute in the sentencing dialogue or formal sentence in order to invoke that statute. The sentencing judge did so by choice. By so doing, he established rights on which defendant was entitled to rely.