STATE of Missouri, Respondent,

v.

Michael D. BRYAN, Appellant.

No. SD 30363.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 14, 2010.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., Jefferson City, for Respondent.

**ROBERT S. BARNEY, Presiding Judge.**

Appellant Michael D. Bryan ("Movant") appeals the motion court's denial following an evidentiary hearing of his Amended Motion to Vacate, Set Aside or Correct the Sentence and Judgment filed pursuant to Rule 24.035.[1] He raises two points of motion court error; however, his first point is dispositive of this appeal such that we need not discuss his second point relied on. In Point One, Movant posits motion court error in the denial of his postconviction motion because as part of his plea bargain he was promised a placement and an assessment in the Sexual Offender Assessment Unit ("SOAU") for 120 days in exchange for pleading guilty to ten counts of second degree statutory sodomy, violations of section 566.064.[2] He maintains that his plea bargain promised that upon successful completion of his time in the SOAU the execution of his ordered ten year term of imprisonment was to be suspended and he was to be placed on probation for a period of five years; however, he asserts his plea bargain with the State was breached as he was never placed in the SOAU by the Department of Corrections ("the DOC") nor did he receive an assessment by the SOAU. Movant argues that because he did not receive the benefit of his plea bargain, his guilty pleas did not represent a voluntary, knowing and intelligent waiver of his rights such that he is entitled to be resentenced with placement and assessment in the SOAU, or, if that cannot be done, to have his pleas vacated. As this Court finds the motion court's findings of fact and conclusions of law to be clearly erroneous on this issue, we vacate the judgment and sentences and remand with directions to give Movant the opportunity to withdraw his plea of guilty.

The record reveals Movant was charged via "Amended Information for Felony" with ten counts of statutory sodomy in the second degree. A guilty plea hearing was held on October 31, 2007.[3] At the hearing, Movant informed the plea court he understood the rights he was giving up by pleading guilty, he understood the State would be required to convict him beyond a reasonable doubt, and that he knew he had certain rights he was waiving in relation to the evidence he could present if the matter went to trial. The State then set out the factual basis for the plea and related it was prepared to "prove beyond a reasonable doubt that . . ." Movant had sexual contact with his thirteen-year-old stepson on at least thirty occasions. The State also related Movant admitted to at least one of the incidents and Movant indicated he was pleading guilty to all ten counts because he committed the crimes charged. As part of a plea bargain, the State recommended a sentence of five years on each count, with Counts I to V to be served concurrently; Counts VI to X to be served concurrently; and then those sentences to be served consecutive to one another for a total imprisonment of ten years. Further, in conformance with the plea bargain, the State recommended Movant be "sentenced to the 120-day sexual offender treatment program" per section 559.115, RSMo Cum. Supp.2006, and "if he successfully completes that and [the DOC] recommend[s] it, that he [is to] be placed on a period of probation for five years, to be supervised by [the Board of Probation and Parole

---

1. All rule references are to Missouri Court Rules (2009).

2. Unless otherwise stated, all statutory references are to RSMo 2000.

3. In addition to pleading guilty to the crimes at issue here, it appears from the record that on that same date Movant also pled guilty to a charge of felony nonsupport.

("the Board") ]." [4] The plea court accepted Movant's guilty plea, found his plea was entered "freely and voluntarily, understanding the nature of all ten counts ...," and he was convicted of the counts charged. The plea court then ordered a sentencing assessment report be prepared and sentencing was set for a later date.

On November 28, 2007, a sentencing hearing was held. At the hearing, the plea court imposed the sentence in the plea bargain, suspended execution of that sentence, and ordered Movant "into the 120–day sexual assessment program." However, after being transferred to the DOC, Movant's placement and assessment in the SOAU was "cancelled" for "reasons unknown." The Board did perform a general assessment report on Movant on February 27, 2008, but did not recommend probation. On March 7, 2008, the plea court entered an order denying Movant probation based on the Board's general assessment report.

On April 28, 2008, Movant filed a *pro se* Rule 24.035 motion alleging his rights were violated because he had not been given placement in the SOAU as ordered by the plea court in accordance with his plea bargain with the State. Thereafter, the motion court appointed counsel to represent Movant and an amended Rule 24.035 motion was filed setting out that Movant's guilty pleas were not knowingly, voluntarily and intelligently made because he was not placed in the SOAU. It further asserted that the DOC had filed a progress report with the trial court despite his not being placed in the SOAU. Accordingly, Movant's amended Rule 24.035 motion argued he was entitled to be re-sentenced and placed in the SOAU or to have his pleas vacated.

An evidentiary hearing on Movant's postconviction relief motion was held on January 5, 2010. At this hearing, Movant's counsel reiterated Movant's assertions that he was not placed in the SOAU and that this was a violation of the plea bargain he had with the State. The motion court heard brief oral argument from both sides prior to taking the matter under advisement.

On January 8, 2010, the motion court issued its Judgment and Order. The motion court found that when Movant arrived at the DOC his placement in the "Sexual Offender Unit/Program" had been cancelled "for reasons unknown" and this was not discovered until February 15, 2008, which left insufficient time for Movant to complete his assessment in the SOAU. The motion court also noted that the Board had submitted its report showing that Movant was not remorseful for his acts nor did he accept responsibility for the offenses such that the Board recommended denial of his probation. The motion court found that while section 559.115 allowed Movant's placement in a private program if the SOAU was full, Movant was not placed in such a private program but rather in the general population of the DOC. On January 8, 2010, the motion court issued its "Judgment and Order" denying Movant's request for postconviction relief and ordered the previously imposed sentences to "remain executed." This appeal followed.

 "Appellate review of the denial of a Rule 24.035 motion for [postconviction] relief is limited to a determination of

---

4. The SOAU, as best we discern, provides an "assessment" upon a defendant in order to determine that defendant's likelihood of, presumably, re-offending or being able to successfully return to society by being placed on probation. It is clear that what Movant in the present matter was promised is placement and assessment by the SOAU and that his successful completion of the assessment coupled with a recommendation of probation from the Board would result in the plea court granting him probation.

4

whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App.2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004) (quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). We presume the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002).

In our review of Movant's dispositive first point relied on, we observe that "[w]hen a plea rests in any significant degree on a promise or agreement of the [State], so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Eckhoff v. State*, 201 S.W.3d 52, 55 (Mo.App.2006). "If a plea of guilty is made pursuant to a plea agreement, that agreement is 'binding upon both the State and the defendant.'" *Conley v. State*, 301 S.W.3d 84, 87 (Mo. App.2010) (quoting *Reed v. State*, 114 S.W.3d 871, 874 (Mo.App.2003)). "'If that agreement is breached, the parties are returned to their pre-bargain status.'" *Id.* (quoting *Reed*, 114 S.W.3d at 874).

In *Reed*, 114 S.W.3d at 872, the defendant was charged with the class B felony of sale of a controlled substance. As part of a plea bargain and in exchange for his pleading guilty to the foregoing charge, the State agreed to recommend he receive "a sentence of seven years pursuant to the regimented discipline program, section 217.378 ...."[5] *Id.* At the defendant's plea

hearing, the plea court expressly advised the defendant that he would "be brought back and placed on probation if [he] successfully complete[d the boot camp] program." *Id.* at 873. However, through no fault of the defendant, he was unable to be placed in the program at issue. *Id.* The plea court became aware of this fact some twenty-eight days after the plea. *Id.* In an attempt to avoid any prejudice to the defendant, the plea court "made a written request for an institutional progress report [under section 559.115], (the shock incarceration program), rather than the boot camp program under [s]ection 217.378 ... and said it would consider his release on probation under [s]ection 559.115." *Reed*, 114 S.W.3d at 873. Ultimately, the plea court wrote a letter to the DOC denying probation to the defendant because "of his behavior and attitude before the 120 days had expired...." *Id.* at 873 n. 4.

Thereafter, in his motion for postconviction relief the *Reed* defendant argued his guilty plea agreement had been breached because he had not been placed in the boot camp program as promised in the plea agreement, noting particularly that had he successfully completed the program he would have been placed on probation as the plea court had promised. *Id.* Therefore, he maintained, *inter alia*, that his plea had been rendered invalid. *Id.* This motion was apparently denied by the motion court. *Id.* at 873–74.

The Western District of this Court reversed and remanded the motion court's denial of the *Reed* defendant's postconviction relief motion. *Reed*, 114 S.W.3d at 876–77. In doing so it observed that

5. The *Reed* court explained that
[t]he regimented discipline, or 'boot camp,' program [was] a program for youthful offenders with no prior felony record. Unlike the 120–day shock incarceration program or drug treatment program ... (where the court has discretion whether or not to grant

probation at the end of 120 days), the boot camp statute provide[d] that probation shall be granted upon successful completion of the program and the defendant [was not to be] considered for probation if he [failed] to complete the program....

"[c]onsideration of his release under a discretionary standard pursuant to [s]ection 559.115 ... was not part of his plea agreement." *Id.* at 877. The Western District also noted that when the defendant "was unable to enter the program, through no fault of his own, he lost the opportunity to perform his part of the plea bargain and thus ensure his early release." *Id.* at 876–77. The reviewing court then determined that when "faced with the fact that [the defendant] would not have the opportunity to complete his part of the bargain by entering and completing the boot camp program, the court was left with only two options: release [him] on probation anyway or grant [him] an opportunity to withdraw his plea." *Id.* at 877. Accordingly, the defendant's conviction was vacated and the cause was remanded to provide him with an opportunity to withdraw his guilty plea. *Id.*

Similarly, in *Green v. State,* 32 S.W.3d 208 (Mo.App.2000), the defendant pled guilty to one count of possession of a controlled substance with the intent to distribute. "The State recommended [the defendant] be sentenced to ... ten years imprisonment, subject to the callback provisions of [s]ection 559.115, and with a recommendation that he be placed in a substance treatment program." *Id.* at 209. The plea court then sentenced the defendant in accordance with the State's recommendations. *Id.* In sentencing the defendant, the plea court informed the defendant, *inter alia:*

> '[a]nd I'll tell you today if you go to that program and graduate from it and do well in it, on your graduation day I'll make an order, release you from custody, and place you on probation on a number of conditions. Whereas, if you didn't succeed in the program, I wouldn't do that. Do you understand?'

*Id.* The defendant responded in the affirmative. *Id.* The plea court then permitted the defendant to remain free until being transported to the DOC provided that if he failed to appear "when [he was] supposed to ..." the plea court "would take back the treatment center part of this and change this to a straight ten-year sentence." *Green,* 32 S.W.3d at 209. The defendant then indicated that he understood the terms being set out by the plea court. *Id.* However, through a series of errors made by probation officers, the defendant was never notified of his date to appear for transportation to prison and was not available on the date set for this purpose. *Id.* at 210. As a result, on June 22, 1999, the plea court "deleted the portion of the judgment and sentence pertaining to [s]ection 559.115 ..." and ordered the defendant "to serve a straight ten-year sentence." *Id.* The defendant then filed a Rule 24.035 motion challenging the plea court's action. *Id.* The motion court denied the defendant's motion for postconviction relief, because he had failed to "comply with the terms and conditions of his release from custody." Green, 32 S.W.3d at 210. On appeal, this Court reversed the motion court and remanded with directions to give the defendant the opportunity to withdraw his plea of guilty. *Id.* at 212.

■ Turning to the instant matter, it is clear that like the defendants in *Reed* and *Green,* through no fault of Movant, he was denied entry into the SOAU contrary to his plea bargain with the State and that he did not receive an assessment by the SOAU. Indeed, in the instant matter, the State had expressly set out that Movant "will be sentenced to the 120–day [sexual offender assessment] program. And if he successfully completes that and they recommend it, that he be placed on a period of probation for five years, to be supervised by [the Board]." This was then reiterated and adopted by the plea court. The plea court's erroneous substitution of the Board's generalized "Court Report In-

vestigation" recommending denial of probation without Movant's completion, admittance or an assessment by the SOAU constituted a re-writing of the terms of the plea bargain and rendered Movant's plea involuntary in that it was reasonable for Movant to have relied on the positive representations of the plea court when he pled guilty. *See Reed,* 114 S.W.3d at 876. When Movant, through no fault of his own, was unable to enter the SOAU and was unable to receive an assessment by the SOAU he lost the opportunity to perform his part of the plea bargain and, thus, ensure his early release. *Id.* at 876–77. The motion court in the present matter clearly erred in denying Movant's Rule 24.035 postconviction relief motion. Point I has merit.

We vacate the judgment and sentences and remand with directions to give Movant the opportunity to withdraw his plea of guilty. *See Green,* 32 S.W.3d at 212.

LYNCH and BURRELL, JJ., concur.